## 60889. THE STATE v. WILLIAMS.

QUILLIAN, Presiding Judge.

The State appeals the grant of defendant's motion to suppress. *Held:*

The defendant was originally detained, while driving his vehicle, for making an improper right turn. At that time the arresting officer determined that the defendant did not have a driver's license and was driving after being notified that his license was revoked. A subsequent inventory search of the vehicle revealed more than one ounce of marijuana.

After a hearing the trial judge granted the motion to suppress on the ground that defendant was not making an improper turn. As the trial judge stated: "The vehicle in question had not violated any state law. He was driving as required by law in the righthand lane."

Code Ann. § 68A-601 (a) (Ga. L. 1974, pp. 633, 663) provides: "Both the approach for a right turn and right turn shall be made as close as practicable to the righthand curb or edge of the roadway." "Roadway" is defined as "that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder." Code Ann. § 68A-101 (44) (Ga. L. 1974, p. 633; as amended through Ga. L. 1978, pp. 2241-2243). Furthermore, Code Ann. § 68A-601 (c) (Ga. L. 1974, pp. 633, 663) mandates: "The Department of Transportation of Georgia and local authorities in their respective jurisdiction may cause official traffic control devices to be placed within or adjacent to intersections or other locations and thereby require and direct that a different course from that specified in this section be traveled by turning vehicles, and when such devices are so placed, no driver of a vehicle shall turn a vehicle other than as directed and required by such devices."

Code Ann. § 68A-201 (a) (Ga. L. 1974, pp. 633, 645) also requires: "The driver of any vehicle shall obey the instructions of an official traffic-control device applicable thereto, placed in accordance with the provisions of this Title, unless otherwise directed by a police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this Title." "Official traffic-control devices" are defined as: "All signs, signals, markings and devices not inconsistent with this Title placed or erected by authority of a public body or official having jurisdiction, for the purposes of regulating, warning, or guiding traffic." Code Ann. § 68A-101 (29).

It is therefore evident that turns should be made from the roadway but more particularly in compliance with the patterns established by the markings (official traffic control devices) on the road. With these facts in mind we consider the situation presented by

the case sub judice.

The following diagram depicts the scene:

A — Defendant's Automobile
B — Another Automobile
X — Solid White Line
Y — Broken White Line
Z — Directional Arrows

The defendant in his vehicle proceeded along the emergency lane and turned therefrom despite the presence of a solid white line indicating the end of such emergency lane prior to entry into the intersection. Therefore, the officer was justified in stopping the defendant for making an improper right turn. Since this was true, the officer had specific and reasonably articulable facts warranting the defendant's detention and the request for identification. Upon learning that the defendant was driving with his license revoked, the officer then had probable cause to make a lawful arrest and to conduct a limited inventory search of the automobile. *Williams v. State,* 150 Ga. App. 852 (1) (258 SE2d 659); *Garner v. State,* 154 Ga. App. 839 (2) (269 SE2d 912); *Carson v. State,* 241 Ga. 622 (1) (247 SE2d 68).

It was error to grant the motion to suppress.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 7, 1980 — DECIDED NOVEMBER 21, 1980 — REHEARING DENIED DECEMBER 15, 1980 —

*Clifford A. Sticher, Assistant District Attorney,* for appellant. *J. Dunham McAllister,* for appellee.