Dale M. Woodall, *pro se.*

37205. WILLIAMS v. THE STATE.

CLARKE, Justice.
Writ of certiorari dismissed as improvidently granted.
*Jordan, C. J., Hill, P. J., Marshall and Gregory, JJ., concur.*
*Smith, J., dissents.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED SEPTEMBER 23, 1981.

*J. Dunham McAllister,* for appellant.
*Robert E. Keller,* District Attorney, *Clifford A. Sticher,*
Assistant District Attorney, for appellee.

SMITH, Justice, dissenting.
Appellant was indicted for 1) operating a motor vehicle after
having been declared an habitual violator 2) possession of marijuana
and 3) improper turn. The instant case turns upon whether appellant
indeed made an improper turn, for the state's seizure of physical
evidence from appellant's automobile is based thereon. See Delaware
v. Prouse, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979). The trial
court *granted* appellant's motion to suppress, stating: "The vehicle in
question had not violated any state law. He was driving by law in the
righthand lane." Aided by its own artistic rendering of the scene, the
Court of Appeals reversed, holding that the turn was illegally made
from the "emergency lane." See *State v. Williams,* 156 Ga. App. 813
(275 SE2d 133) (1980). In view of the standard of review applicable to
the trial court's ruling on the motion to suppress, I consider the
holding of the Court of Appeals to be seriously in error. Dismissal of
the writ of certiorari only serves to perpetuate that error.
Officer Fred J. Alverson was the only witness offered by the
state. Although he testified that appellant had taken a right-hand
turn from an "emergency lane," he acknowledged that his view of the
scene occurred "at approximately 12:35 A.M." while he was "across
from the intersection entering Highway 54 southbound." Given this
self-impeaching testimony, the trial court was authorized to conclude
the state had failed to carry its burden of showing that appellant
made an improper turn. See *State v. Thomas,* 150 Ga. App. 170 (257

SE2d 28) (1979).

"[T]he trial court's decision turned upon questions of fact and credibility. When such is the case, the finding of the trial court must be accepted unless clearly erroneous. [Cits.]" *State v. Paulitch,* 154 Ga. App. 785 (270 SE2d 51) (1980). "Not being clearly erroneous, the trial court's fact and credibility determinations on this motion must be accepted. *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689)." *Strickland v. State,* 153 Ga. App. 51, 52 (264 SE2d 540) (1980). The Court of Appeals erred in substituting its version of the facts for those of the trial court.