S02A0033. PAYNE v. THE STATE.
(563 SE2d 844)

FLETCHER, Chief Justice.

A jury convicted Tony Carroll Payne of driving in an emergency lane in violation of OCGA § 40-6-50 (b), as well as vehicular homi-

---

[1] No other evidence was adduced by the State at the hearing.

cide, serious injury by vehicle, and reckless driving.[1] On appeal, Payne challenges the constitutionality of OCGA § 40-6-50 (b), contending that the term "emergency lane" renders the statute void for vagueness. Because we find that the term "emergency lane," as used in OCGA § 40-6-50 (b), is not unconstitutionally vague and Payne's other enumerations of error are without merit, we affirm.

On May 11, 1996, Payne was driving his van eastbound on the paved shoulder of Highway 20. He was to the right of the solid white line that marks the right boundary for the lanes eastbound highway traffic normally uses. The other traffic traveling in the same direction was to Payne's left, as was a solid white line marking the right boundary of eastbound Highway 20. During his travels, a guardrail or the edge of the pavement without any marking was on Payne's right. No emergency existed that required Payne to drive on the portion of the pavement on which he was traveling.

Moving between 49 and 59 miles per hour, Payne's van hit a concrete island, flew into the air, and hit the Minnixes' car. Billy James Minnix was killed in the crash, and his son Craig was left unable to walk or care for himself because of a severe brain injury.

1. The State charged Payne with illegally driving in an emergency lane and used that unlawful conduct as an element of the reckless driving charge. In turn, the reckless driving count was used as a statutory predicate for the serious injury by vehicle and vehicular homicide charges. Thus, Payne's illegal use of an emergency lane was a common element to each of his convictions. Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from which a rational trier of fact could have found Payne guilty of the crimes for which he was convicted.[2]

2. OCGA § 40-6-50 (b) prohibits any vehicle from being "driven in an emergency lane except in the event of an actual emergency." Payne contends that the term "emergency lane" is unconstitutionally vague because it is not defined in the Georgia Code, and absent a definition, a person of reasonable understanding would not know when they were traveling in an emergency lane.

When a statute is challenged as unconstitutionally vague, this Court must determine whether it "conveys sufficiently definite warn-

[1] The crimes took place on May 11, 1996. A grand jury indicted Payne on July 14, 1997. A jury convicted Payne on December 4, 1997. The trial court sentenced Payne to five years of imprisonment, followed by seven years of probation. Payne moved for a new trial on January 5, 1998 and amended his motion on October 15, 1998. The trial court denied the motion for new trial on January 3, 2001. Payne filed his notice of appeal in the Court of Appeals on February 1, 2001. The case was transferred to this Court on September 20, 2001, and it was submitted for decision on November 19, 2001.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ing as to the proscribed conduct when measured by common understanding and practices."[3] If the statute is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application," then the statute is void for vagueness.[4] On the other hand, when the phrase challenged as vague has a commonly understood meaning, then it is sufficiently definite to satisfy due process requirements.[5] Payne is correct that the term "emergency lane" is not defined in Title 40 or anywhere else in the Georgia Code. The Department of Transportation and Department of Public Safety's regulations also do not define "emergency lane." The absence of a statutory definition, however, does not end our inquiry. Rather, our focus turns to deciding whether the term "emergency lane" has a meaning that is commonly understood by drivers in Georgia.

We begin our analysis by examining the Georgia Code's treatment of emergency lanes when compared with other portions of the highways. The Code defines "highway" as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."[6] Within the boundaries of a highway are the roadways, and "roadway" is defined as "that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder."[7] In addition to limiting the use of emergency lanes to emergencies, OCGA § 40-6-50 (b) mandates that every vehicle on a "divided highway shall be driven only upon the right-hand roadway. . . ." Furthermore, "[n]o vehicle shall be driven over, across, or within any dividing space, barrier, gore, paved shoulder, or section separating the roadways of a divided highway."[8]

The distinction between the roadway, on which travel is permitted, and the other paved portions of the highway, on which travel is not permitted, is further illustrated by OCGA § 40-6-275 (c), which requires drivers in accidents not involving serious injuries or fatalities to remove their vehicles "from the immediate confines of the roadway into a safe refuge on the shoulder, emergency lane, or median or to a place otherwise removed from the roadway. . . ."[9]

---

[3] *United States v. Petrillo*, 332 U. S. 1, 7-8 (67 SC 1538, 91 LE2d 1877) (1947); *Douglas v. State*, 263 Ga. 748, 749 (438 SE2d 361) (1994); see also *Land v. State*, 262 Ga. 898, 899 (426 SE2d 370) (1993); *Satterfield v. State*, 260 Ga. 427, 427 (395 SE2d 816) (1990).

[4] *Rouse v. Department of Nat. Resources*, 271 Ga. 726, 728-729 (524 SE2d 455) (1999) (punctuation omitted).

[5] Id. at 729.

[6] OCGA § 40-1-1 (19).

[7] OCGA § 40-1-1 (53).

[8] OCGA § 40-6-50 (b).

[9] The current version of OCGA § 40-6-275 became effective on April 28, 1999, after an amendment made in response to this Court's decision in *State v. Johnson*, 270 Ga. 111 (507 SE2d 443) (1998).

Reading these provisions of the Code together with the prohibition against using emergency lanes, we find that vehicles are permitted to travel on the roadways and not on the paved shoulders, emergency lanes, or within other paved areas that are divided from the roadways, except in particular instances such as when an emergency exists.

To describe the location of emergency lanes with even more precision, we turn to descriptions used in appellate court decisions of this state. In *State v. Williams*,[10] the Court of Appeals used a diagram that showed the location of a roadway and the adjoining emergency lane. The dividing marker between the two was a solid white line. Since then, the Court of Appeals has repeatedly described the emergency lane as that portion of the paved highway that is separated from the roadway by the solid white lines that mark the roadway's borders.[11] We find that the description used by the Court of Appeals is consistent with Georgia drivers' common understanding of "emergency lane:" the portion of the paved highway that is separated from the roadway by the solid white lines that mark the boundaries of the roadway. This was exactly the portion of the pavement on which Payne was driving.

Because "emergency lane" has a meaning that is commonly understood by drivers following the rules of the road in Georgia, the term "emergency lane," as used in OCGA § 40-6-50 (b), is sufficiently definite to meet constitutional standards. Accordingly, we reject Payne's vagueness challenge.

3. Payne's final enumeration challenges the trial court's definition of "emergency lane" in its instructions to the jury. Although the trial court did not need to define "emergency lane" for the jury, the definition given to the jury was not misleading, and any error in providing an unnecessary definition was harmless.[12]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 2002.

---

[10] 156 Ga. App. 813, 814 (275 SE2d 133) (1980).

[11] See *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 638 (519 SE2d 722) (1999) (truck parked "four to five feet to the right of the white fog line, well inside the emergency shoulder and off the roadway"); *State v. Holcomb*, 219 Ga. App. 231, 232 (464 SE2d 651) (1995) (defendant crossed over the "solid white line to his right into the emergency lane"); *J.B. Hunt Transport v. Bentley*, 207 Ga. App. 250, 251 (427 SE2d 499) (1992) ("going well off into the emergency lane across the solid white line); see also *State v. Whitfield*, 219 Ga. App. 5, 6 (463 SE2d 728) (1995) (the "fog line" is "the white solid line on the right side of the lane").

[12] *Jones v. State*, 273 Ga. 213, 218-219 (539 SE2d 143) (2000).

*Harrison & Harrison, Samuel H. Harrison,* for appellant.
*Philip C. Smith, District Attorney, Penny A. Penn, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.