## A02A2220. LINDSEY v. THE STATE.
(577 SE2d 78)

ADAMS, Judge.

Following a bench trial in the City Court of Atlanta, defendant Juan C. Lindsey was found guilty of carrying a concealed weapon, driving a vehicle not equipped with headlights and driving with an expired license. He appeals, contending the trial court should have ruled on his constitutional challenge to OCGA § 16-11-126 (d), that OCGA § 16-11-126 (d) is unconstitutional and that the evidence to support his conviction for carrying a concealed weapon is insufficient.

Lindsey first enumerates as error the trial court's failure to rule on his constitutional challenge to OCGA § 16-11-126 (d). Lindsey was charged with carrying a concealed weapon in violation of OCGA § 16-11-126 (a) after a handgun was observed in the open side pocket passenger door of his vehicle during a traffic stop. Lindsey filed, inter alia, a general and special demurrer prior to trial contending (1) that he could admit to the allegations against him and not be guilty and (2) that he was entitled to an indictment perfect in form as well as substance. Lindsey subsequently filed an amended motion contending he could "admit to the allegations in count two [carrying a concealed weapon] and still not be guilty of a crime according to the provisions of OCGA § 16-11-126 (d)."

At the hearing on his motions, Lindsey argued that the side pocket of the door of a vehicle is a "similar compartment" as that term is used in subsection (d) of OCGA § 16-11-126.[1] Lindsey noted that the statute had been amended in 1998 to add the "similar compartment" language and that the issue of what constituted a similar compartment was a question of first impression for the courts. Lindsey also raised the issue of whether the language was vague and stated, "[t]hat would be the question, whether or not this particular reading is vague whereas it could put someone on notice as to what

---

[1] This Code section shall not forbid any person who is not among those enumerated as ineligible for a license under Code Section 16-11-129 from transporting a loaded firearm in any private passenger motor vehicle in an open manner and fully exposed to view or in the glove compartment, console, *or similar compartment* of the vehicle; provided, however, that any person in possession of a valid permit issued pursuant to Code Section 16-11-129 may carry a handgun in any location in a motor vehicle.
(Emphasis supplied.)

they do would be a crime. There is no . . . definition as to what a similar compartment is." Lindsey subsequently reiterated to the trial court that his argument was twofold: (1) that he could admit to the allegation and not be guilty of a crime and (2) that the term similar compartment "may in fact be too vague. It may not be enough to put people on notice that carrying a gun or weapon in the pocket of the door is against the law." Lindsey further argued that the issue of the constitutionality of the statute was properly before the court, but the trial court refused to rule on the constitutional issue.

We find the trial court erred by finding that the issue of the constitutionality of OCGA § 16-11-126 (d) was not properly before it. Three things must be shown in order to properly raise a constitutional challenge to a statute or law:

> (1) The statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.

(Citations and punctuation omitted.) *Chester v. State*, 262 Ga. 85, 88 (3) (414 SE2d 477) (1992).

In this case, Lindsey made it clear which part of the statute he was challenging, and likewise made clear what he contended was the defect in the statute. We do not find, as the State urges, that the failure to point to a specific provision of the constitution is fatal to the constitutional challenge in this case. As our Supreme Court recently stated in *Payne v. State*, 275 Ga. 181, 182 (2) (563 SE2d 844) (2002), "[w]hen a statute is challenged as unconstitutionally vague, this Court must determine whether it 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" Id. at 182-183 (2). This was the constitutional challenge that Lindsey raised in this case concerning the similar compartment language in OCGA § 16-11-126 (d). This case is thus remanded for consideration and ruling on that issue, after which an appeal to the proper court may be filed.

*Case remanded. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 30, 2003.

*Lawanda J. O'Bannon, Tara D. Dickerson*, for appellant.

*Joseph J. Drolet, Solicitor-General, Vickie V. Madden, Katherine Diamandis, Assistant Solicitors-General*, for appellee.