## S04A0798. BOTTS v. THE STATE.
## S04A0799. PISCIOTTA v. THE STATE.
### (604 SE2d 512)

HUNSTEIN, Justice.

These appeals involve challenges to the constitutionality of OCGA § 17-10-17, Georgia's hate crime penalty statute, which requires the enhancement of criminal sentences whenever the fact finder determines beyond a reasonable doubt "that the defendant intentionally selected any victim or any property of the victim as the object of the offense because of bias or prejudice." Id. at (a). Christopher Botts and Angela Pisciotta, along with a third individual, were indicted on charges of aggravated assault and other crimes arising out of the beating of Che and Idris Golden at Little Five Points in Atlanta. Pursuant to the notice provisions of the hate crime penalty statute, OCGA § 17-10-18, the State served Botts and Pisciotta (hereinafter appellants) with notice of the State's intent to seek sentence enhancement based on the State's allegation that appellants selected their victims because of racial bias and prejudice.

Appellants moved to dismiss the sentence enhancement, contending that OCGA § 17-10-17 violated their rights under the First, Fifth, Eighth and Fourteenth Amendments to the U. S. Constitution and the corresponding sections in the Georgia Constitution. The trial court denied their motions. Appellants thereafter pled guilty to the charges and in separate bench trials contested only the evidentiary basis for the sentence enhancement. The trial court determined that the evidence showed beyond a reasonable doubt that appellants had intentionally selected the victims as the objects of their offenses because of bias or prejudice and enhanced appellants' sentences pursuant to OCGA § 17-10-17. This appeal ensued.

We agree with appellants that OCGA § 17-10-17 as enacted is unconstitutionally vague. A statute is generally considered vague if it is not specific enough to give persons of ordinary intelligence an understanding and adequate warning of the proscribed conduct.

*Land v. State*, 262 Ga. 898, 899 (426 SE2d 370) (1993). "[A] statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. [Cits.]" *Connally v. General Constr. Co.*, 269 U. S. 385, 391 (46 SC 126, 70 LE 322) (1926). See also *Simmons v. State*, 262 Ga. 674 (424 SE2d 274) (1993) (statute " 'sufficiently definite if its terms furnish a test based on normal criteria which [persons] of common intelligence who come in contact with the statute may use with reasonable safety in determining its command' ").

The State argues that OCGA § 17-10-17 is not vague because the underlying criminal statute, here, aggravated assault, OCGA § 16-5-21, provided appellants with fair notice of the prohibited conduct. Obviously, the commission of criminal conduct for which an individual is convicted is a prerequisite to the application of OCGA § 17-10-17, as is true of all sentencing statutes. And other courts have recognized that statutes merely setting forth the penalty to be imposed for a crime may not demand the rigorous approach to vagueness applied to statutes defining violations of the law. E.g., *Webber v. Kansas*, 918 P2d 609 (Kan. 1996); see also *Hankin v. Florida*, 682 S2d 602, 603 (Fla. App. 1996) (sentencing statute that allows enhanced penalty where offense resulted in substantial economic hardship to victim not vague). However, OCGA § 17-10-17, unlike those penalty provisions, punishes an individual's commission of purposeful conduct, namely, the intentional selection of the victim or the victim's property because of bias or prejudice. Accord *Wisconsin v. Mitchell*, 508 U. S. 476, 485 (113 SC 2194, 124 LE2d 436) (1993) (First Amendment challenge to Wisconsin's bias-motivated penalty-enhancement statute).[1] We thus reject the State's argument that OCGA § 17-10-17 itself did not have to provide persons of ordinary intelligence with notice as to what it prohibits so that they may conduct themselves accordingly. We conclude that the due process clauses of the Federal and State Constitutions require that OCGA § 17-10-17 give fair notice to individuals potentially subject to its sentencing provisions of the intentional conduct that may warrant enhanced punishment.

OCGA § 17-10-17 enhances a criminal sentence where the fact finder determines beyond a reasonable doubt that the defendant intentionally selected a victim or the victim's property as the object of

---

[1] In *Mitchell,* supra, the U. S. Supreme Court rejected the argument that Wisconsin's bias-motivated penalty-enhancement statute punishes only conduct because the statute "enhances the maximum penalty for conduct motivated by a discriminatory point of view more severely than the same conduct engaged in for some other reason or for no reason at all." Id., 508 U. S. at 485.

the offense "because of bias or prejudice." Id. at (a). We recognize that persons of ordinary intelligence may understand the dictionary definition of the words "bias" and "prejudice." However, because of the broad signification of these words and the absence of any specific context in which a person's bias or prejudice may apply in order to narrow the construction of these concepts, we find that OCGA § 17-10-17 fails to provide fair warning of the conduct it prohibits. Unlike the statute addressed in *Mitchell,* supra, which singled out for enhancement specific bias-inspired conduct "thought to inflict greater individual and societal harm" based on the perceived harm that results from crimes motivated by these prejudices, e.g., the greater likelihood that bias-motivated crimes will "provoke retaliatory crimes, inflict distinct emotional harms on their victims, and incite community unrest," id., 508 U. S. at 487-488, the broad language in OCGA § 17-10-17, by enhancing all offenses where the victim or his property was selected because of any bias or prejudice, encompasses every possible partiality or preference. A rabid sports fan convicted of uttering terroristic threats to a victim selected for wearing a competing team's baseball cap; a campaign worker convicted of trespassing for defacing a political opponent's yard signs; a performance car fanatic convicted of stealing a Ferrari — any "bias or prejudice" for or against the selected victim or property, no matter how obscure, whimsical or unrelated to the victim it may be, but for which proof beyond a reasonable doubt might exist, can serve to enhance a sentence. Absent some qualification on "bias or prejudice," OCGA § 17-10-17 is left " 'so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application.' " *Payne v. State,* 275 Ga. 181, 183 (563 SE2d 844) (2002). Accordingly, we hold that OCGA § 17-10-17 is too vague to justify the imposition of enhanced criminal punishment for its violation.

We conclude further that OCGA § 17-10-17 may not be upheld because it " 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. (Cit.)' [Cit.]" *Thelen v. State,* 272 Ga. 81, 82-83 (526 SE2d 60) (2000). OCGA § 17-10-17 "leaves open . . . the widest conceivable inquiry, the scope of which no one can foresee and the result of which no one can foreshadow or adequately guard against." *United States v. L. Cohen Grocery Co.,* 255 U. S. 81, 89 (41 SC 298, 65 LE 516) (1921).

We are by no means condoning appellants' savage attack on the victims in this case or any conduct motivated by a bigoted or hate-filled point of view. We further recognize that the Legislature may appropriately decide, as a general matter, that "bias-motivated offenses warrant greater maximum penalties." *Mitchell,* supra, 508

U. S. at 486. However, as drafted, the broad language of OCGA § 17-10-17 fails to comport with the ascertainable standards required by the due process rights guaranteed by our State and Federal Constitutions.

Our holding above renders it unnecessary for us to address appellants' remaining constitutional arguments.

*Judgments reversed. All the Justices concur, except Benham, J., who concurs in judgment only.*

DECIDED OCTOBER 25, 2004.

*Larry D. Wolfe, Mark A. Yurachek,* for appellant (case no. S04A0798).
*Brandon Lewis,* for appellant (case no. S04A0799).
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Holly B. Hughes, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.