S05A0002. FRANKLIN v. THE STATE.
(611 SE2d 21)

SEARS, Presiding Justice.

Appellant Willie Franklin appeals from her misdemeanor conviction for creating a nuisance due to an accumulation of refuse on her property, arguing that the county ordinance at issue is unconstitutionally vague. Having considered this argument, we conclude that, when measured by common understanding and practices, the ordinance provides sufficient notice as to the conduct it prohibits so that persons of common intelligence need neither guess at its meaning nor

[1] 195 Ga. App. 219 (393 SE2d 83) (1990).
[2] 260 Ga. 123 (392 SE2d 1) (1990).

differ as to its applications. Therefore, we reject appellant's vagueness challenge. Having considered appellant's other arguments and found them to be without merit, we affirm.

Due to an accumulation of refuse on her property that included (among other things) used tires, rusted lawnmowers, discarded rain gutters, scrap lumber, used pallets, old cans, scrap metal, broken lawn chairs, baby buggies, garbage, shopping carts, foam insulation and a discarded kitchen sink, appellant was cited for violating section 46-61 (d) of the Cherokee County Code of Ordinances, which provides that:

> Any accumulation of litter or rubbish items on any lot, property, premises, public street, alley, or other public or private place not permitted by this chapter is hereby declared to be a nuisance. Failure of the owner or occupant to remove and correct any such accumulation of refuse after appropriate notice from the board of commissioners or its designee shall raise the presumption that such person intended to violate this chapter.

As she does on appeal, appellant argued before the trial court that section 46-61 (d) should be struck down as unconstitutionally vague. The trial court rejected that argument, and a jury trial was held. Appellant was convicted of violating section 46-61 (d), received a probated sentence and was fined.

1. A statute or ordinance is unconstitutionally vague only if it fails to convey "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices,"[1] so that "persons of common intelligence [need not] necessarily guess at its meaning [nor] differ as to its application."[2] In general, any word or phrase used in an ordinance that has a commonly understood meaning is sufficiently definite to satisfy due process requirements, and thus is not considered vague.[3]

Here, appellant claims that section 46-61 (d) is unconstitutionally vague because it fails to provide adequate definitions of "litter" and "rubbish." The Cherokee County Code of Ordinances, however, defines "litter" as "all garbage, refuse, waste materials, sand, gravel, slag, brickbats, rubbish, tin cans, debris, dead animals or any other discarded, used or unconsumed substance which is not handled in

---

[1] *United States v. Petrillo*, 332 U. S. 1, 7-8 (67 SC 1538, 91 LE 1877) (1947). See *Lester v. State*, 253 Ga. 235, 236 (320 SE2d 142) (1984) (citing *Rose v. Locke*, 423 U. S. 48, 50 (96 SC 243, 46 LE2d 185) (1975)).

[2] *Rouse v. Dept. of Nat. Resources*, 271 Ga. 726, 728-729 (524 SE2d 455) (1999).

[3] *Payne v. State*, 275 Ga. 181, 183 (563 SE2d 844) (2002).

accordance with this chapter."[4] "Rubbish" is defined in the County Code as "wastepaper, cartons, boxes, wood, tree branches, yard trimmings, furniture, appliances, metal, cans, glass, packing material and similar material."[5]

Obviously, these two definitions are not all-inclusive, as they do not purport to specify each and every item that falls within the scope of "litter" and "refuse," as those terms are used in the ordinance. Rather, the definitions are instructive in nature, providing concrete examples of the type of substances that may not be accumulated on either private or public property without creating a nuisance. We believe these examples provide more than adequate guidance so that persons of common intelligence can readily ascertain without guessing whether a particular item or substance will be considered "litter" or "rubbish" (or both) under the ordinance. This is especially true in light of the fact that a common understanding exists in our society that certain items or substances are likely to be considered litter or rubbish.[6]

Appellant disagrees, however, arguing that "litter" and "rubbish" are highly subjective terms, because "one man's trash is another man's treasure." While there may be some truth to this adage, it is well-established that " '[m]any [valid] statutes will have some inherent vagueness [in them,] for in most English words and phrases there lurk uncertainties.' "[7] Such uncertainties, however, do not render a statute void for vagueness. The "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision."[8] With limited exception, all the Due Process Clause requires is that the law give sufficient warning so that individuals may avoid doing that which is forbidden. As noted, the ordinance at issue here satisfies that requirement.

Appellant also complains that the County Code fails to designate what quantity of litter or rubbish must exist before it becomes an "accumulation." Local governments, however, are not required to draft their statutes with mathematical precision and exactitude.[9] Here, too, we believe the term "accumulation" has a commonly understood meaning,[10] and we believe that persons of average intelligence can readily ascertain whether they are "accumulating" a

[4] Cherokee County Ordinance Code § 46-2.
[5] Id.
[6] See *Payne*, 275 Ga. at 183.
[7] *Lester*, 253 Ga. at 236 (quoting *Rose*, 423 U. S. at 49-50).
[8] *Rose*, 423 U. S. at 49-50.
[9] *State of Ga. v. Old South Amusements*, 275 Ga. 274, 276 (564 SE2d 710) (2002).
[10] *Payne*, 275 Ga. at 183.

quantity of rubbish or litter on their property, thereby subjecting themselves to sanctions for violating the County Code.[11]

Finally, appellant argues that the ordinance at issue delegates the decision as to what constitutes an accumulation of litter, trash or rubbish to local law enforcement authorities for resolution on an ad hoc basis, thereby rendering the ordinance unconstitutionally vague.[12] Appellant is without standing to raise this argument as it applies to others, however, and the evidence of record leaves no doubt that she had accumulated rubbish and litter on her property, thereby violating the Code.[13]

2. Contrary to appellant's argument, the ordinance does not restrict her use of land without a substantial governmental interest. A local ordinance does not exceed the police powers unless it is " 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.' "[14] Section 46-61 (d) of the Cherokee County Code of Ordinances clearly protects public health, safety and welfare by prohibiting the accumulation of trash, rubbish and litter, items which promote the infestation of vermin and insects and cause substantial harm to the environment.

3. The State satisfied its burden to establish venue beyond a reasonable doubt[15] by entering into evidence without objection a survey of appellant's property that identifies it as being located in Cherokee County. We also note that appellant herself entered into evidence a license issued by Cherokee County for an auto parts business that she operates on her property.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Dyer & Rusbridge, Samuel J. Rusbridge*, for appellant.
*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellee.

---

[11] See *Thelen v. State*, 272 Ga. 81, 82 (526 SE2d 60) (2000).
[12] See *Thelen*, 272 Ga. at 82-83.
[13] *Gouge v. City of Snellville*, 249 Ga. 91, 94 (287 SE2d 539) (1982).
[14] *King v. City of Bainbridge*, 276 Ga. 484, 488 (577 SE2d 772) (2003).
[15] *Jones v. State*, 272 Ga. 900, 902 (537 SE2d 80) (2000).