A07A0475. THE JOHN HARDY GROUP, INC. v. CAYO LARGO
HOTEL ASSOCIATES et al.
(649 SE2d 826)

BERNES, Judge.

The John Hardy Group, Inc. ("JHG") appeals from the trial court's order dismissing its collection action on the ground of forum non conveniens. For the reasons that follow, we affirm.

The record establishes that the nine appellee entities[1] entered into a limited partnership agreement to develop, own, construct, and

---

[1] The appellee entities consist of Cayo Largo Hotel Associates, S. en C. por A., S. E.; Cayo Largo Hotel GP, Inc.; Gabriel Fuentes, Jr. Construction Company, Inc.; Medio Mundo, Inc.; D Group Equity Holdings Associates, S. en C. por A., S. E.; D Group Equity Holdings GP, Corp.;

operate a resort hotel and casino in Puerto Rico ("the Partnership"). All of the appellees are Puerto Rican corporations with the exception of Resort Services International (Cayo Largo), L.P., S. E., a Georgia corporation, and Inter-Continental Florida Investment Corp., a Delaware corporation with its principal place of business in Georgia.

The Partnership entered into a contract with appellant JHG for the latter to provide development and construction management services for the Puerto Rico hotel project. Although the Partnership submitted payment of over $500,000 to JHG for its work on the project, JHG alleged that the Partnership failed to pay invoices totaling an additional $470,799.90 plus interest, and an unstated amount for JHG's extra work associated with helping the partners resolve disputes among themselves.

JHG filed the instant collection action against the appellees in Fulton County State Court. The nonresident appellees then filed their respective motions to dismiss the lawsuit, arguing, inter alia, lack of personal jurisdiction and improper venue based upon forum non conveniens. Following a hearing, the trial court entered a detailed order granting the motions to dismiss on the ground of forum non conveniens under OCGA § 9-10-31.1 (a). This appeal followed.

1. JHG contends that it has a constitutional right as a Georgia resident to prosecute this lawsuit in Georgia under Ga. Const. of 1983, Art. I, Sec. I, Par. XII, and that this right trumps Georgia's forum non conveniens statute, OCGA § 9-10-31.1. See *Atlantic Coast Line R. Co. v. Wiggins*, 77 Ga. App. 756, 760 (49 SE2d 909) (1948). Although JHG raised this constitutional issue below, it was not ruled upon by the trial court. "[A] constitutional issue is waived by the failure of the trial court to rule upon it." *Singleton v. Dept. of Human Resources*, 263 Ga. App. 653, 654 (1) (a) (588 SE2d 757) (2003). Thus, JHG's constitutional argument cannot be reviewed on appeal. See *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555 SE2d 459) (2001) (holding that court was without jurisdiction to consider the constitutional issues, even though they had been raised in the trial court, since the trial court did not rule upon them); *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000) (same).

2. JHG argues that the trial court abused its discretion in finding that Puerto Rico would be a more convenient forum than Georgia for maintenance of this lawsuit under the factors enunciated in OCGA § 9-10-31.1 (a) (1)-(7). That statute authorizes a trial court to dismiss a lawsuit on forum non conveniens grounds upon finding that in the

V. Suarez & Company, Inc.; Resort Services International (Cayo Largo), L.P., S. E.; and Inter-Continental Florida Investment Corp.

interest of justice and for the convenience of the parties and witnesses, the suit would be more properly heard in a forum outside this state. OCGA § 9-10-31.1 (a). In making this determination, a trial court is to consider the following seven factors:

(1) Relative ease of access to sources of proof;
(2) Availability and cost of compulsory process for attendance of unwilling witnesses;
(3) Possibility of viewing of the premises, if viewing would be appropriate to the action;
(4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;
(5) Administrative difficulties for the forum courts;
(6) Existence of local interests in deciding the case locally; and
(7) The traditional deference given to a plaintiff's choice of forum.

Id. Here, the trial court concluded that factors (1), (2), (3), (5), and (6) weighed in favor of dismissal.[2] Consequently, the trial court dismissed the lawsuit on forum non conveniens grounds.

"An order dismissing a case under OCGA § 9-10-31.1 is reviewed for an abuse of discretion." *Fed. Ins. Co. v. Chicago Ins. Co.*, 281 Ga. App. 152, 153 (635 SE2d 411) (2006). We find no abuse of the trial court's discretion in the present case.

The evidence supporting the trial court's decision reflected that seven of the nine appellee entities are Puerto Rican corporations. The multi-million dollar resort project also was located there. Moreover, JHG's proposed contract for development and construction management services for the project was sent to Daniel W. Shelley, the former president of the Partnership, in Puerto Rico. On April 25, 2002, Shelley accepted JHG's proposed contract and executed it in Puerto Rico.

Among JHG's construction management duties, the contract pertinently required JHG to "[c]onfirm the [p]roject [g]oals in terms of design, budget, schedule, quality, [and] construction"; "[r]eview and evaluate any previous existing site or project conditions . . . in terms of its impact on the cost, schedule and quality of the project"; "[p]rovide all management oversight required during the evaluation

---

[2] The trial court determined that no evidence had been presented as to the fourth factor, whether there would be unnecessary expense or trouble to the appellees not necessary to JHG's own right to pursue its remedy. OCGA § 9-10-31.1 (a) (4).

period for any cost, schedule, quality or operational considerations"; and "[p]rovide on-site management personnel to review and monitor the contractor and subcontractor's conformance to the [c]ontract [d]ocuments." To provide these required services, JHG maintained on-site management personnel at the project site in Puerto Rico until it abandoned the project.

While JHG argues that the only issue in this case pertains to appellees' nonpayment of invoices for services rendered and that the invoices were generated in Georgia, appellees assert as defenses a failure of consideration, a failure by JHG to satisfy conditions precedent to receiving payment, and a failure by JHG to perform all work required under the contract. To the extent that appellees' defenses allege that JHG was not entitled to receive payment of the invoices due to its failure to properly monitor and manage the schedule, quality, and construction as required under the contract, the evidence and witnesses needed to address the issue are primarily located in Puerto Rico. Furthermore, any site visit would have to take place in Puerto Rico, and over 60,000 documents pertaining to the project are being maintained there. Indeed, seven other cases arising from the project are already pending in the federal and state courts in Puerto Rico. Unlike the Georgia court, a Puerto Rico court has already established a depository for the project documents and has appointed a special master to provide oversight and assistance.

Additionally, appellees raised defenses of lack of personal jurisdiction below and argued that they had not had sufficient minimum contacts in Georgia. They claimed that the only party to the contract with JHG was Cayo Largo Hotel, GP, Inc., the general manager of the Partnership. Although there is a question as to whether a Georgia court would have personal jurisdiction over appellees, it is clear that a Puerto Rico court could properly exercise personal jurisdiction.

In light of this combined evidence, the trial court was authorized to weigh five of the statutory factors — (1), (2), (3), (5), and (6) — in favor of dismissal. Even considering the traditional deference given to a plaintiff's choice of forum, the trial court's weighing of the five factors in favor of dismissal authorized the determination that in the interest of justice and for the convenience of the parties and witnesses, the lawsuit would be more properly heard in Puerto Rico. The trial court did not abuse its discretion in dismissing the lawsuit on the ground of forum non conveniens pursuant to OCGA § 9-10-31.1.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur in the judgment only.*

DECIDED JULY 13, 2007.

*Chorey, Taylor & Feil, John L. Taylor, Jr., Jeffery T. Coleman,* for appellant.

*Schulten, Ward & Turner, Kevin L. Ward, Mayfield, Commander & Pound, Constance E. Rodts, Smith, Gambrell & Russell, Dana M. Richens, Rachel K. Powell, King & Spalding, Bradley A. Slutsky, Melissa C. Howard, Thompson, O'Brien, Kemp & Nasuti, Paul J. Morochnik, Duane Morris, William S. Mayfield, Nimesh B. Patel,* for appellees.