## A08A2011. FINNICUM v. THE STATE.
(673 SE2d 604)

MIKELL, Judge.

Christopher Finnicum appeals from a trial court's order denying his request to remove him from the sex offender registry, or in the alternative to be resentenced as a first offender, arguing that the statute requiring such registration, OCGA § 42-1-12, should not apply to him and is unconstitutional. We affirm.

Finnicum was indicted for one count each of child molestation and kidnapping. On January 11, 1995, Finnicum pled guilty but mentally ill to kidnapping a child under the age of 14, and the state nolle prossed the child molestation charge. On that same date, the

---

trial court sentenced him to twenty years, with ten to be served in confinement and the balance on probation.[1] Finnicum was paroled on December 20, 2004. As a special condition of his parole, Finnicum was required to comply with the sex offender notification law. On October 5, 2007, Finnicum moved the trial court to modify his probation, alleging that he should be released from the registration requirements of OCGA § 42-1-12 (a) (9) (A) (i) and/or resentenced as a first offender. The trial court denied the motion.

1. Finnicum first contends that the registration requirements of OCGA § 42-1-12 violate the state and federal constitutional prohibitions against ex post facto laws. This issue has been decided adversely to Finnicum.[2]

2. In two related enumerations, Finnicum contends that the trial court erred in not finding OCGA § 42-1-12 (g) unconstitutional because similarly situated registrants can qualify to be released from the registration requirements while he cannot. OCGA § 42-1-12 (g) provides that

> (1) [a]ny sexual offender required to register under this Code section who meets the criteria set forth in paragraph (2) of this subsection may petition the superior court of the jurisdiction in which the sexual offender is registered to be released from the registration requirements of this Code section. The court may issue an order releasing the sexual offender from further registration if the court finds that the sexual offender does not pose a substantial risk of perpetrating any future dangerous sexual offense. (2) In order to petition the court pursuant to paragraph (1) of this subsection, the sexual offender shall: (A) Have been sentenced pursuant to subsection (c) of Code Section 17-10-6.2; and (B) Have had ten years elapse since his or her release from prison, parole, supervised release, or probation.

In this regard, Finnicum argues — as he did below — that there is an inherent conflict in the statute because it denies those convicted of

---

[1] The sex offender registration law first became effective on July 1, 1996, and, in pertinent part, requires registration by any individual who "[h]as previously been convicted of a criminal offense against a minor[, as defined in OCGA § 42-1-12 (a) (9),] and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996." OCGA § 42-1-12 (e) (3). Since the statute went into effect after Finnicum entered his plea, his original sentence did not require him to register as a sex offender.

[2] In *Smith v. Doe*, 538 U. S. 84, 105 (II) (B) (123 SC 1140, 155 LE2d 164) (2003), the Supreme Court of the United States held that a statutory requirement for retroactive registration of sex offenders was nonpunitive and did not itself constitute an ex post facto law. See *Miller v. State*, 291 Ga. App. 478, 481 (2) (662 SE2d 261) (2008); *Watson v. State*, 283 Ga. App. 635, 637 (2) (642 SE2d 328) (2007).

serious violent felonies consideration for release from the registration requirement while allowing those convicted of more heinous crimes against children to be considered, violating the due process, equal protection, and ex post facto clauses of the state and federal constitutions.[3] The irony of his situation, as Finnicum points out, is that had he pled guilty to an "actual sex offense" he could petition the court for release from the registration requirements. After considering these arguments, both orally and in writing, the trial court ruled that

> [t]he [d]efendant has requested that this [c]ourt order that he be removed from the Sexual Offender Registry and/or that he be re-sentenced as a First Offender. Such an order would be in direct contravention of the plain language of OCGA § 42-1-12 and OCGA § 17-10-6.1. Therefore, Defendant's motion is DENIED.

Although Finnicum raised these constitutional claims below, the trial court did not rule on them. "A constitutional issue is waived by the failure of the trial court to rule upon it," and cannot be reviewed on appeal.[4]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 13, 2009.

*Phillips & Nemajovsky, Mark T. Phillips*, for appellant.
*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.

---

[3] Pursuant to OCGA § 17-10-6.1 (b) (3), "[n]o person convicted of a serious violent felony shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders." A "serious violent felony" is statutorily defined as malice and felony murder, armed robbery, kidnapping, rape, aggravated child molestation, aggravated sodomy and aggravated sexual battery. OCGA § 17-10-6.1 (a).

[4] (Citations and punctuation omitted.) *John Hardy Group, Inc. v. Cayo Largo Hotel Assocs.*, 286 Ga. App. 588, 589 (1) (649 SE2d 826) (2007). See *Darby v. State*, 239 Ga App. 492, 495 (2) (b) (521 SE2d 438) (1999) (Court is precluded from reviewing constitutional issue not explicitly ruled on by the trial court); *Fincher v. State*, 231 Ga. App. 49, 51 (1) (497 SE2d 632) (1998) (" 'arguments regarding constitutional issues which were not raised or ruled on below will not be considered on appeal' ") (citation omitted). Compare *Lindsey v. State*, 259 Ga. App. 389, 390 (577 SE2d 78) (2003) (case remanded where defendant raised constitutional challenge but trial court erroneously found that constitutional issue was not properly before it).