## S09A1749. In the Interest of C. B., a child.

(686 SE2d 124)

THOMPSON, Justice.

In this juvenile case, the child, C. B., appeals from an adjudication of delinquency based upon his violation of the cruelty to animals statute, OCGA § 16-12-4 (b).[1] He asserts, inter alia, that the statute is void because it is unconstitutionally vague. We find the statute to be constitutional, and affirm.

C. B. admitted to shooting his neighbor's dog, a part-rottweiler mix. For approximately four years prior to the shooting, the dog was a constant nuisance and menace to C. B. and his family. The dog frequently urinated and defecated on the family's plants and porches, destroyed the family's outside furniture, prevented visitors to the family's home from exiting their cars, and generally threatened the family.

Immediately before the shooting occurred, the dog's owner saw the dog in her own yard. A few moments later, she heard a gunshot and saw the dog running across her property, yelping and bleeding. After taking the animal to a veterinarian, it was determined that the dog had been shot in the shoulder. The bullet was left in the dog's shoulder to avoid inflicting more damage and it remains there, causing the animal soreness and pain.

At an adjudicatory hearing, the juvenile court found that C. B. had violated Georgia's cruelty to animals statute, OCGA § 16-12-4 (b). C. B. was placed on probation and subsequently filed two motions for supersedeas, which the juvenile court denied.

1. C. B. contends that there is insufficient evidence to support the adjudication of delinquency. If a rational trier of fact could find beyond a reasonable doubt that the juvenile committed the act charged, then an adjudication of delinquency will stand. *In the Interest of J. A. F.*, 262 Ga. App. 722, 723 (586 SE2d 381) (2003). In the instant case, the evidence is sufficient to show that C. B. violated OCGA § 16-12-4 (b). See *Willis v. State*, 201 Ga. App. 182 (410 SE2d 377) (1991) (finding the evidence sufficient to support conviction of cruelty to animals where witnesses saw defendant holding a rifle, heard an injured dog yelping and howling and saw it running away, and found the dog with a gunshot wound in its ear).

2. C. B.'s primary contention in this case is that the statute, OCGA § 16-12-4 (b), is unconstitutionally vague and violates due process in that it is not sufficiently definite and certain in its

---

[1] The statute reads, in pertinent part: "A person commits the offense of cruelty to animals when he or she causes death or unjustifiable physical pain or suffering to any animal by an act, an omission, or willful neglect."

description of the prohibited conduct.

Pursuant to OCGA § 16-12-4 (b), a person can be held criminally responsible for cruelty to animals if he "causes death or unjustifiable physical pain or suffering to any animal by an act." However, according to OCGA § 16-12-4 (f), a person is not prohibited from "[d]efending his or her person or property, or the person or property of another, from injury or damage being caused by an animal" or "[i]njuring or killing an animal reasonably believed to constitute a threat for injury or damage to any property" so long as "[t]he method used to injure or kill such animal shall be designed to be as humane as is possible under the circumstances." C. B. argues that the statutory language set forth in subparagraphs (b) and (f) creates an ambiguity as to the conduct prohibited because different interpretations of the same facts can be used to either find an individual criminally responsible for cruelly injuring an animal or authorize the "humane" injuring of the animal. We disagree.

A statute is "unconstitutionally vague only if it fails to convey 'sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices,' so that 'persons of common intelligence [need not] necessarily guess at its meaning [nor] differ as to its application.' " (Citations omitted.) *Franklin v. State*, 279 Ga. 150, 151 (611 SE2d 21) (2005). Furthermore, in order to determine the scope of prohibited conduct, the statute must be read as a whole. See *Raber v. State*, 285 Ga. 251, 253 (674 SE2d 884) (2009). Reading the statute as a whole, it is clear that OCGA § 16-12-4 (b) explains when a person is liable for cruelty to animals, while OCGA § 16-12-4 (f) (1) explains some circumstances in which the killing or wounding of an animal can be justified. OCGA § 16-12-4 (f) (2) goes on to state that the killing or wounding of an animal will be justified only if the action is humane and occurs under the circumstances described in OCGA § 16-12-4 (f) (1).[2]

C. B. further alleges that the phrases "humane" and "humanely," as used in the statute, are unconstitutionally vague. However, the language of a criminal statute will be given its natural and obvious import. *Foster v. State*, 273 Ga. 555-556 (544 SE2d 153) (2001). Merriam-Webster's Dictionary defines "humane" as "marked by compassion, sympathy, or consideration for . . . animals." Read in context, a person of common intelligence would understand that the statute provides that killing or wounding an animal is justified under subsection (f) (1) only if done in such a way as to demonstrate compassion for the animal, as the circumstances

---

[2] We note that, in this case, the evidence did not show that C. B. was justified in shooting the dog. OCGA § 16-12-4 (f) (1).

allow. Thus, we find that the statute is sufficiently definite to satisfy due process.

3. C. B. further contends that the juvenile court abused its discretion in denying his motions for supersedeas pending appeal. Pursuant to OCGA § 15-11-3, there is no statutory right to supersedeas in juvenile proceedings, but the juvenile court has discretion to grant or deny supersedeas. C. B. has failed to show that the juvenile court abused its discretion in denying the motions.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009.

*William L. Reilly*, for appellant.

*Joe W. Hendricks, Jr., District Attorney, Warren S. Summers, Sr., Assistant District Attorney*, for appellee.