**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 23, 2024**

# In the Court of Appeals of Georgia

A24A0796. IN THE INTEREST OF N. C., a child.

McFADDEN, Presiding Judge.

N. C. appeals a delinquency adjudication and a disposition order. The juvenile court adjudicated him delinquent for committing acts that, if committed by an adult, would be the crime of interference with an electronic monitoring device worn as a condition of probation. OCGA § 16-7-29 (b) (3). We reverse, because the state failed to prove that N. C. was wearing an electronic monitoring device as a condition of probation. We do not reach N. C.'s other arguments.

1. *Facts and procedural history*

"In reviewing a delinquency adjudication, we construe the record in the light most favorable to the juvenile court's ruling." *In the Interest of E. B.*, 343 Ga. App. 823

(1) (806 SE2d 272) (2017) (citation and punctuation omitted). "If a rational trier of fact could find beyond a reasonable doubt that the juvenile committed the act charged, then an adjudication of delinquency will stand." *In the Interest of C. B.*, 286 Ga. 173 (1) (686 SE2d 124) (2009).

So viewed, the record shows that in September 2023, in a prior proceeding, N. C. was adjudicated delinquent for committing acts that, had he been an adult, would have been the crimes of second-degree criminal damage to property and simple battery. As a result, the juvenile court placed N. C. on 24 months of specialized intensive probation. The printed conditions of probation did not require N. C. to wear an electronic monitoring device, but a handwritten notation on the document stated, "SIP has discretion to remove the electronic monitor." That was the only reference to an electronic monitoring device in the probation order and on the conditions-of-probation document.

Four days later, the state filed a delinquency petition, charging N. C. with the offense of interference with electronic monitoring devices, OCGA § 16-7-29, and alleging that he "knowingly and without authority circumvent[ed] the operation of an

electronic monitoring device used for the purpose of monitoring [him], while wearing said electronic device as a condition of probation. . . ."

After a hearing, the juvenile court adjudicated N. C. delinquent for committing acts that would be the crime of interference with electronic monitoring devices if committed by an adult. See OCGA §§ 15-11-2 (19) (A) (defining "delinquent act" to include "[a]n act committed by a child designated a crime by the laws of this state, . . . and the act is not an offense applicable only to a child or a juvenile traffic offense"); § 16-7-29 (defining the felony of interference with electronic monitoring devices). In the adjudication order, the juvenile court found as fact that N. C. "was previously placed on an OmniLink electronic monitor pursuant to an order of this court[,]" and that N. C.'s probation officer had instructed N. C. that he was required to charge his monitor at least 45 minutes each day. The court found that on September 20, 2023, September 21, 2023, and September 26, 2023, N. C. failed to charge the monitor at all; that on September 22, 2023, he charged it for 25 minutes; that on September 25, 2023, he charged it for less than five minutes; and that on September 26, 2023, the monitor went dead.

After holding disposition hearings, the juvenile court placed N. C. into the temporary custody of the Chatham County Department of Family and Children Services and committed him to the Department of Juvenile Justice for two years.

N. C. then filed this appeal.

2. *Sufficiency of the evidence*

N. C. argues that the evidence was insufficient to support the adjudication because the state did not prove that he was wearing an electronic monitoring device as a condition of his probation for the prior adjudications. We agree.

OCGA § 16-7-29 (b) (3) provides: "It shall be unlawful for any person to knowingly and without authority remove, destroy, or circumvent the operation of an electronic monitoring device which is being used for the purpose of monitoring a person who is . . . [w]earing an electronic monitoring device as a condition of probation. . . ."

The state presented no evidence that N. C.'s wearing of an electronic monitoring device was a condition of his probation. Such a requirement is not included in the order of probation or the conditions-of-probation document.

The state argues that the handwritten notation on the conditions-of-probation document that "SIP has discretion to remove the electronic monitor," means that wearing an electronic monitor was a condition of N. C.'s probation because, otherwise, there was no need to include the notation. But there are other possible explanations for the notation. The placement of the monitor may have been part of the unspecified court order the juvenile court referenced in the adjudication order (N. C. "was previously placed on an OmniLink electronic monitor pursuant to an order of this court[,]"), not an order related to the conditions of probation. In any event, conditions of probation must be stated with reasonable specificity. See *Hilley v. State*, 344 Ga. App. 58, 65 (5) (806 SE2d 280) 286 (2017) ("[C]onditions [of probation] must be stated with reasonable specificity to afford the probationer notice of the groups, places and activities he must avoid.") (citation and punctuation omitted); *Ellis v. State*, 221 Ga. App. 103, 104 (1) (470 SE2d 495) (1996) ("conditions [of probation] should be stated with reasonable specificity"). The handwritten notation is not reasonably specific regarding an obligation to wear an electronic monitor as a condition of probation.

We reject the state's argument that electronic monitoring was a condition of probation because the probation officer testified at the adjudication hearing that he had gone over the requirements with N. C. The conditions of probation must be prescribed by the juvenile court, OCGA § 15-11-601 (a) (3), not the probation officer. See *Farmer v. State*, 216 Ga. App. 515, 520 (5) (a) (455 SE2d 297) (1995) (" the written sentence control[s] over a probation officer's notes or instructions").

Since the state failed to prove that N. C. was "[w]earing an electronic monitoring device as a condition of probation," it failed to prove that N. C. committed acts that would have violated OCGA § 16-7-29 (b) (3) had he been an adult. So we reverse the adjudication of delinquency as well as the disposition order placing N. C. in the temporary custody of the Department of Family and Children Services and committing him to the Department of Juvenile Justice.

We do not reach N. C.'s other arguments.

*Judgment reversed. Mercier, C. J., and Rickman, J., concur.*