S04A0699. THOMPSON v. THE STATE.

(603 SE2d 233)

THOMPSON, Justice.

The question for decision in this case is whether OCGA § 42-1-13, which makes it a felony for a person required to register as a sex offender to "reside within 1,000 feet of any child care facility, school, or area where minors congregate," is an unconstitutional ex post facto law when applied to an offender who was convicted before that Code section went into effect. The answer is "no."

Tommie Morris Thompson pled guilty to child molestation on August 24, 1999. He was sentenced to serve a probated sentence of ten years. On June 4, 2003, during the term of Thompson's probation, OCGA § 42-1-13 became effective. That statute provides that a sex offender commits a felony if he knowingly resides within 1,000 feet of an area where minors congregate.[1]

Thompson has lived in the same house since the late 1980's or

---

[1] OCGA § 42-1-13 reads as follows:

(a) As used in this Code section, the term:

(1) "Area where minors congregate" shall include all public and private parks and recreation facilities, playgrounds, skating rinks, neighborhood centers, gymnasiums, and similar facilities providing programs or services directed towards persons under 18 years of age.

(2) "Child care facility" shall mean all public and private pre-kindergarten facilities, day-care centers, and preschool facilities.

(3) "School" shall mean all public and private kindergarten, elementary, and secondary schools.

(b) No individual required to register under Code Section 42-1-12 shall reside within 1,000 feet of any child care facility, school, or area where minors congregate. Such distance shall be determined by measuring from the outer boundary of the property on which the individual resides to the outer boundary of the property of the child care facility, school, or area where minors congregate at their closest points.

(c) Any person who knowingly fails to comply with the requirements of this Code section shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than three years.

early 1990's.[2] The house is located within 303 feet of a municipal community center.

After OCGA § 42-1-13 was enacted, Thompson's probation officer informed him that he was in violation of that Code section and that he would have to relocate. However, Thompson did not move. Thus, in September 2003, the State sought to revoke Thompson's probation.

At the probation revocation hearing, Thompson asserted that OCGA § 42-1-13 was an unconstitutional ex post facto law. The lower court upheld the constitutionality of the statute and found that Thompson was in violation of it. However, the court did not revoke Thompson's probation at that time. Instead, it ordered that Thompson's probation be continued, provided that Thompson relocate to a new residence within ten days of the court's decision.[3] Thereupon, Thompson sought, and we granted, discretionary review to determine whether the court properly applied OCGA § 42-1-13 in this case.

The ex post facto doctrine " 'forbids the application of any new punitive measure to a crime already consummated.' " *California Dept. of Corrections v. Morales*, 514 U. S. 499, 505 (115 SC 1597, 131 LE2d 588) (1995) (quoting *Lindsey v. Washington*, 301 U. S. 397, 401 (57 SC 797, 81 LE 1182) (1937)). More specifically, an ex post facto law punishes conduct which was innocent when done; alters the quality or degree of, or inflicts a greater punishment for, a crime committed previously; requires less or different evidence than was required before the crime was committed; or deprives the offender of any substantial right possessed at the time the offender committed the act. *Hamm v. Ray*, 272 Ga. 659 (531 SE2d 91) (2000). See also *Beazell v. Ohio*, 269 U. S. 167, 169 (46 SC 68, 70 LE 216) (1925).

To determine whether a penal statute is an ex post facto law, we employ a three-step analysis: First, we ask whether the law applies retrospectively. See *Lynce v. Mathis*, 519 U. S. 433, 440 (117 SC 891, 137 LE2d 63) (1997). If it does not, our inquiry is at an end. Id. at 441. If it does, we look to see if the law is punitive or regulatory. *Weaver v. Graham*, 450 U. S. 24 (101 SC 960, 67 LE2d 17) (1981). If it is punitive, the statute is an ex post facto law. Id. at 36. If it is regulatory, we examine the statute's effect. See *United States v. Ursery*, 518 U. S. 267, 288-290 (116 SC 2135, 135 LE2d 549) (1996). If the effect of the

---

(d) Nothing in this Code section shall create, either directly or indirectly, any civil cause of action against or result in criminal prosecution of any person, firm, corporation, partnership, trust, or association other than an individual required to be registered under Code Section 42-1-12.

[2] The house is titled in the name of Thompson's wife, Frances, who died in August 2001. In her will, Frances bequeathed all of her property to Thompson, if he survived her; otherwise to her children. At the time of the probation revocation hearing, the property had not been distributed.

[3] The court stayed its ruling pending the outcome of this appeal.

statute is punitive, the statute is deemed ex post facto — even if the statute was intended to be regulatory. See *Akins v. Snow*, 922 F2d 1558 (11th Cir. 1991). But, again, if the statute is not retrospective we need not determine whether it is punitive.

Is OCGA § 42-1-13 retrospective? A penal statute is retrospective if it alters the consequences for crimes committed prior to its enactment. See, e.g., *Miller v. Florida*, 482 U. S. 423, 430 (107 SC 2446, 96 LE2d 351) (1987). In our view, OCGA § 42-1-13 does not alter the consequences for the offense of child molestation; rather, it creates a new crime based in part on an offender's status as a child molester. See *Kansas v. Hendricks*, 521 U. S. 346, 371 (117 SC 2072, 138 LE2d 501) (1997).

In *Hendricks*, the Kansas legislature enacted a law which allowed for the involuntary civil commitment of sexually violent predators. When Hendricks, a convicted pedophile, was committed under the new act, he raised an ex post facto claim. The Supreme Court of Kansas found the act unconstitutional, but the United States Supreme Court reversed:

> [T]he Act clearly does not have retroactive effect. Rather, the Act permits involuntary confinement based upon a determination that the person *currently* both suffers from a "mental abnormality" or "personality disorder" and is likely to pose a future danger to the public. To the extent that past behavior is taken into account, it is used . . . solely for evidentiary purposes. Because the Act does not criminalize conduct legal before its enactment, nor deprive Hendricks of any defense that was available to him at the time of his crimes, the Act does not violate the Ex Post Facto Clause.

As in *Hendricks*, the new statute in this case, OCGA § 42-1-13, does not increase the punishment meted out to previously convicted sex offenders. It does not punish sex offenders retrospectively on the basis of their status. It simply declares that convicted sex offenders who *currently* reside within certain well-defined areas are guilty of a felony. If a convicted offender violates the statute, he can be prosecuted (or have his probation revoked) for that *current* violation. See also *Hawker v. New York*, 170 U. S. 189 (18 SC 573, 42 LE 1002) (1898) (new law criminalizing practice of medicine by convicted felon was not ex post facto). We hold, therefore, that OCGA § 42-1-13 is not being applied to Thompson retrospectively and that it is not an ex post facto law.[4]

---

[4] In light of our holding, it is not necessary for us to determine whether the statute is

We note that our Court of Appeals correctly reached this conclusion on nearly identical facts in *Denson v. State of Ga.*, 267 Ga. App. 528 (600 SE2d 645) (2004). In that case, Denson, a convicted sex offender, argued that OCGA § 42-1-13 was an ex post facto law because he was already living within 1,000 feet of a day care facility when the law was passed. Our appellate court disagreed and ruled:

> Denson can only be punished under OCGA § 42-1-13 if he prospectively chooses to violate the law by continuing to reside at his current address. The fact that Denson's prior conviction subjects Denson to possible punishment under OCGA § 42-1-13 does not somehow convert the statute into an unconstitutional ex post facto law as applied to Denson.

*Denson v. State of Ga.*, supra at 529.

Like Denson, Thompson is not being punished again because he is a convicted sex offender. He is being punished because he is currently violating OCGA § 42-1-13, and he refuses to move. Simply put, it is Thompson's new crime which sparked Thompson's probation revocation.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*L. Clark Landrum*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

punitive in intent or effect. See *Weaver v. Graham*, supra.