A06A1979. WATSON v. THE STATE.
(642 SE2d 328)

MIKELL, Judge.
Roger Lee Watson appeals from a trial court's order that he register as a sex offender, arguing that the statute requiring such registration does not apply to him and is unconstitutional. We affirm.

On August 16, 2000, Watson entered an *Alford*[1] plea to charges of aggravated child molestation and sexual battery. Noting his status

---

as a first offender, the trial court sentenced him to ten years proba-
tion. First offenders were not required to register with the state
sexual offender registry at the time Watson entered his plea.

In 2005, the General Assembly amended the sexual offender
registry statute, OCGA § 42-1-12, by removing language from the
2004 version stating that it applied only "to sentences imposed on or
after July 1, 2004."[2] Instead, the 2005 version provided that first
offenders "shall be subject to the registration requirements of this
Code section[,]"[3] and that "[o]n and after July 1, 1996, a person who
is convicted of a criminal offense against a victim who is a minor . . .
shall register as a sex offender within ten days after his or her release
from prison or placement on parole."[4] As before, the 2005 statute also
specified that "[a]ny person who is required to register under this
Code section and who fails [to do so] or who provides false information
shall be guilty of a felony" punishable by imprisonment for at least a
year.[5] These amendments became effective on July 1, 2005.[6]

On July 26, 2005, Watson moved the trial court for an order that
he was not subject to the registration requirement. After a hearing,
the trial court denied his motion.

1. In *Peters v. Donald*,[7] we considered and rejected the argument
that the registration requirement imposed in 2005 does not apply to
convictions entered before that time. As we explained in *Peters*, the
General Assembly amended OCGA § 42-1-12 in 2004 so as to require
first offenders to register, and applied this requirement to "sentences
imposed on or after July 1, 2004."[8] But the 2005 amendment struck
this limitation on the retroactivity of the registration requirement.
After the effective date of the 2005 amendment, then, and as we held
in *Peters*, "even first offenders convicted before July 1, 2004, . . . were
required to register."[9] Watson was convicted in 2000, and is therefore
subject to the registration requirement of OCGA § 42-1-12.[10]

---

[2] See OCGA § 42-1-12 (a) (3) (2005); Ga. L. 2005, p. 454, § 1; compare OCGA § 42-1-12 (a)
(3) (2004); Ga. L. 2004, p. 1066, § 3.

[3] OCGA § 42-1-12 (a) (3) (2005); Ga. L. 2005, p. 454, § 1.

[4] OCGA § 42-1-12 (b) (1) (A) (i) (2005); Ga. L. 2005, p. 455, § 1.

[5] OCGA § 42-1-12 (h) (2005); Ga. L. 2005, p. 463, § 1.

[6] The General Assembly again amended the statute in 2006, specifying registration "shall
be required" of those "convicted on or after July 1, 1996, of a criminal offense against a victim
who is a minor[,]" and increasing penalties for a failure to register. OCGA § 42-1-12 (e) (1), (n)
(2006).

[7] 282 Ga. App. 714 (639 SE2d 345) (2006).

[8] Ga. L. 2004, p. 1066, § 3.

[9] *Peters*, supra at 717.

[10] Id. (affirming trial court's order that sex offender sentenced in February 2004 was
subject to registration requirement).

2. We address the merits of Watson's constitutional challenge by authority of *Pollard v. State*,[11] under which the Court of Appeals has jurisdiction to decide cases

> that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[12]

There is no doubt about the meaning of the statutory provision at issue here, its application to a first offender convicted after July 1, 1996, or its validity in the face of Watson's attack on it as an ex post facto law. In *Thompson v. State*,[13] the Supreme Court of Georgia upheld OCGA § 42-1-13's mandate that any convicted child molester who continued to reside within 1,000 feet of any area where children congregated would be guilty of a felony. The Court reasoned that because such a person's failure to abide by the statute would give rise to "a new crime based in part on an offender's status as a child molester," the statute was not retrospective and therefore was not an ex post facto law.[14] The same rationale applies where, as here, Watson would be guilty of a felony entirely distinct from those of which he was convicted in 2000 if he failed to register with the sexual offender registry.[15]

Because Watson is subject to OCGA § 42-1-12, and because that statute is not an ex post facto law, the trial court did not err when it ordered Watson to register as a sex offender.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 20, 2007 —

*Tommy J. Smith*, for appellant.

---

[11] 229 Ga. 698 (194 SE2d 107) (1972).
[12] (Citation omitted.) Id.
[13] 278 Ga. 394 (603 SE2d 233) (2004).
[14] (Citation omitted.) Id. at 395-396; see also *Smith v. Doe*, 538 U. S. 84 (123 SC 1140, 155 LE2d 164) (2003) (Alaska statute requiring retroactive registration of sex offenders was nonpunitive and therefore was not an ex post facto law).
[15] OCGA § 42-1-12 (h) (2005); Ga. L. 2005, p. 463, § 1; OCGA § 42-1-12 (n) (2006).

*Stephen D. Kelley, District Attorney, Helen H. Aberle, Leslie K. DeVooght, Assistant District Attorneys*, for appellee.