A07A1533. RESOURCING SERVICES ATLANTA, LLC
v. GEORGIA DEPARTMENT OF REVENUE et al.
(654 SE2d 649)

BARNES, Chief Judge.

This is a granted discretionary appeal concerning the application of OCGA § 48-8-63 to Resourcing Services Atlanta, LLC ("RSA") on purchases it made as agent for the Fulton-DeKalb Hospital Authority ("the Authority"). RSA contends the trial court erred by determining that it is liable for sales and use taxes under OCGA § 48-8-63 for purchases it made and services it performed as agent for the Authority, a tax exempt entity, because neither OCGA § 48-8-63 nor any other statute imposes sales and use taxes on it for the purchases at issue. The Commissioner, however, contends that RSA is liable for sales and use taxes under OCGA § 48-8-30 (a), which imposes "a tax on the retail purchase, retail sale, rental, storage, use, or consumption of tangible personal property [in this state]."

After the administrative appeals were unsuccessful, RSA appealed to the superior court. The superior court found that RSA was

liable for the tax because it abandoned its claim that it was entitled to the exemption provided to hospital authorities under OCGA § 48-8-3 (6) and that its assertion that Department of Revenue ("Department") Regulation 560-12-26 makes OCGA § 48-8-63 applicable to real property contractors was without merit.

First,

> [w]e begin our analysis with the "golden rule" of statutory construction, which requires us to follow the literal language of the statute "unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else." *Department of Transp. v. City of Atlanta*, 255 Ga. 124, 137 (337 SE2d 327) (1985) (Clarke, J., concurring specially). When literal reading of the statute produces such an absurdity, the appellate court must then seek to make sense out of the statute, while being faithful to the legislative intent. Id. To define the legislative intent, the court considers the purpose of the statute and its impact on the body of law as a whole. Id. The court also considers the law as it existed before the statute was passed and identifies the mischief sought to be corrected. Id. Finally, when a taxing statute has doubtful meaning, it must be construed liberally in favor of the taxpayer and against the State. *Thompson v. Eastern Air Lines*, 200 Ga. 216, 224 (39 SE2d 225) (1946).

*TELECOM*USA v. Collins*, 260 Ga. 362, 363-364 (1) (393 SE2d 235) (1990).

On appeal, RSA contends it is not subject to the tax because it acted as the agent of the Authority and thus the purchase was by the Authority, an entity exempt from the tax. Relying upon a Department regulation dealing with real property construction contractors, RSA further contends that it is not subject to the tax under the contractor provision in OCGA § 48-8-63 because it is not a contractor as the term is used in the Code section. RSA also argues that other jurisdictions considering this issue have held that agents acting on behalf of a tax-exempt entity are not subject to sales and use taxes. The theory underlying this argument is that a tax upon the agent of a tax-exempt entity is really a tax upon the entity.

The Commissioner contends, however, that RSA is a separate entity from the Authority and that RSA is a maintenance contractor that used and consumed the tangible personal property during its management of the Authority's facilities. Consequently, the Commissioner asserts that RSA owes the tax.

OCGA § 48-8-63 provides:

... (b) Each person who orally, in writing, or by purchase order contracts to furnish tangible personal property and to perform services under the contract within this state shall be deemed to be the consumer of the tangible personal property and shall pay the sales tax imposed by this article at the time of the purchase. Any person so contracting who fails to pay the sales tax at the time of the purchase or at the time the sale is consummated outside the limits of this state shall be liable for the payment of the sales or use tax. This Code section shall not relieve the dealer who made the sale from such dealer's liability to collect and pay the tax on purchases by a contractor.

(c) Each person who contracts to perform services in this state and who is furnished tangible personal property for use under the contract by the person, or such person's agent or representative, for whom the contract is to be performed, when a sales or use tax has not been paid to this state by the person supplying the tangible personal property, shall be deemed to be the consumer of the tangible personal property so used and shall pay a use tax based on the fair market value of the tangible personal property so used irrespective of whether any right, title, or interest in the tangible personal property becomes vested in the contractors.

The fact that RSA is a for-profit entity based in Illinois, and that RSA purchased tangible personal property for use in performing its functions on behalf of the Authority, leaves no doubt that sales and use taxes should be imposed under OCGA § 48-8-63 (b) or (c), as may be appropriate. As a corporation, RSA is a person, OCGA § 14-2-140 (11) and (21), within the scope of this Code section, regardless of any Department regulations dealing with real property contractors.

Although RSA contends it is not seeking a "derivative" exemption based upon its relationship with the Authority, taken together its arguments show that such a result is what it seeks. Such an exemption, however, does not exist under Georgia law. Even though RSA accurately argues that, because it is acting as an agent for the Authority, its purchases are essentially the Authority's purchases, we have found no provision in our law in which the General Assembly has created such an exemption. Therefore, the superior court correctly concluded that the Department's imposition of sales and use taxes on RSA was correct under Georgia law.

Any contention that, because of public policy considerations, Georgia should have a derivative exemption from OCGA § 48-8-63 for hospital authorities must be resolved by the General Assembly and

not this court. *Country Club Apts. v. Scott,* 246 Ga. 443, 444 (271 SE2d 841) (1980). Courts interpret the laws, but cannot change them. Any inadequacies in our existing law must be corrected by the General Assembly. *Evans v. Bibb Co.,* 178 Ga. App. 139-140 (1) (342 SE2d 484) (1986).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2007 — 

*Alston & Bird, Timothy J. Peaden,* for appellant.

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General,* for appellees.