A08A0173. MILLER v. THE STATE.
(662 SE2d 261)

MILLER, Judge.

Phillip Michael Miller appeals from the trial court's order denying his petition for release from the requirement that he register as a sexual offender for life, pursuant to OCGA § 42-1-12 (f)

---

[10] *Nguyen v. Lumbermens Mut. Cas. Co.*, 261 Ga. App. 553, 557 (2) (583 SE2d 220) (2003).

(7). Citing OCGA § 42-1-12 (g), Miller argues that he is thus entitled because the State failed to meet its burden of showing that he poses a substantial risk of reoffense in opposition to his prima facie case to the contrary. Alternatively, Miller argues that the foregoing duty to register is unconstitutional as an ex post facto law. Finding no abuse of discretion upon the trial court's denial of the instant petition and no merit in the claim that OCGA § 42-1-12 (f) is an unconstitutional ex post facto law, we affirm.

"It [is] for the trial court to weigh the credibility of the witnesses and . . . make its determinations of fact. [Cits.]" *Gilliam v. State*, 268 Ga. 690, 692 (3) (492 SE2d 185) (1997). "[T]his Court applies the 'clearly erroneous' standard to its review of the trial court's findings of fact. However, as is true [in] all cases, this Court owes no deference to the superior court's conclusions of law." (Footnotes omitted.) *City of McDonough v. Tusk Partners*, 268 Ga. 693, 697 (1) (492 SE2d 206) (1997) (Sears, J., concurring specially).

So viewed, the record shows that Miller pled guilty to three counts of child molestation in violation of OCGA § 16-6-4 on September 1, 1993. These involved inappropriate touchings and an act of fellatio as to his daughters, then ages seven, eleven, and fourteen. Miller was sentenced to ten years in confinement. He served three years thereof and was released on September 6, 1996 to serve the remainder of his sentence on probation. On November 30, 2006, following the tenth anniversary of his release from prison, Miller filed the underlying petition.

1. Miller contends that the trial court erred in failing to release him from the requirement to register as a sexual offender under OCGA § 42-1-12 (g) because he made out a prima facie case that he no longer posed a substantial risk of reoffending, which the State failed to oppose by evidence to the contrary. We disagree, however, and find no abuse of discretion in the trial court's denial of Miller's petition for release from the registration requirements of OCGA § 42-1-12 (g).

OCGA § 42-1-12, as enacted effective July 1, 2006, is applicable to persons convicted of child molestation prior to July 1, 1996 and released from prison on or after that date. OCGA § 42-1-12 (e) (3). Subsection (g) (1) of that statute provides that the trial court "may issue an order releasing the sexual offender from further registration if the court finds that the sexual offender does not pose a substantial risk of perpetrating any future dangerous sexual offense." The sexual offender properly petitions the court for such release by showing that he or she was sentenced pursuant to OCGA § 17-10-6.2 (c) and that ten years have elapsed from the date of his or her release from prison, parole, supervised release, or probation. OCGA § 42-1-12 (g) (2).

(a) First, the State argues that Miller failed to show that he was sentenced pursuant to OCGA § 17-10-6.2 (c) because such statute did not exist at the time he was sentenced — this foreclosing any entitlement to petition the court for release from the registration requirement at issue. We cannot agree.

At issue is an apparent conflict inherent in OCGA § 42-1-12. On the one hand, the statute makes Miller eligible for relief thereunder as an individual convicted of child molestation prior to July 1, 1996 and released from prison after that date. See OCGA § 42-1-12 (e) (3). Yet, on the other hand, the statute conditions his eligibility for such relief, in part, upon a showing that he was sentenced pursuant to OCGA § 17-10-6.2 (see OCGA § 42-1-12 (g) (2) (A)), a statute which did not exist at the time Miller was sentenced. Like OCGA § 42-1-12, OCGA § 17-10-6.2 was enacted by the legislature effective July 1, 2006.

It does not follow, however, that we should construe statutory conflict as foreclosing, ab initio, eligibility for the relief that OCGA § 42-1-12 purports to provide. *"It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature."* (Citation and punctuation omitted; emphasis in original.) *Brooks v. State*, 257 Ga. App. 515, 517 (571 SE2d 504) (2002).

While OCGA § 17-10-6.2 did not exist at the time Miller was sentenced, such Code section, by its own terms, is applicable to punishment for certain sexual offenses, among them, the offense of which Miller was convicted, child molestation. OCGA § 17-10-6.2 (a) (5). OCGA § 17-10-6.2 (c) sets out the criteria applicable to any upward or downward departure from the applicable mandatory minimum sentence to confinement and requires that the sentencing judge enter an order stating his or her reasons for such departure. OCGA § 17-10-6.2 (c) (1) and (2), respectively. Because the trial court sentenced Miller to ten years confinement on three counts of child molestation, it is clear that the trial court departed downward from the mandatory minimum five-year sentence to confinement for each of his three convictions for child molestation[1] — this as OCGA § 17-10-6.2 (c) later authorized. The fact that the sentencing court did not then enter a written order setting out the basis for such departure does not make Miller's sentence any less a sentence imposed in a manner consistent with the terms of OCGA § 17-10-6.2 for purposes of seeking relief under OCGA § 42-1-12 (g) (2). To

---

[1] "[A] person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years. . . ." OCGA § 16-6-4 (b) (1).

construe that Code section otherwise would plainly contravene its objective to provide petitioners a basis for seeking relief from the continuing duty to register as sexual offenders. This we decline to do.

(b) Given the foregoing and the fact that Miller filed his petition more than ten years from the date of his release from prison, we turn to the question of whether Miller supported his petition for release from the requirement to register as a sexual offender by prima facie evidence sufficient to shift the burden of proof to the State to show the contrary. See *Equitable Life Assurance Society v. Florence*, 47 Ga. App. 711, 714 (171 SE 317) (1933) ("When and if the [petitioner] makes out a prima facie case, the burden is shifted to the defendant.") (citation omitted).

In support of his petition, Miller presented the testimony of his co-vice president at the amusement park where he was employed, his stepfather, and his pastor. Each opined that Miller was a man of good character and that since his release from prison he had proceeded with his life without complaint of any impropriety, sexual or otherwise. On his own behalf, Miller testified that he no longer posed a substantial risk of reoffending because he had changed since the time of his offenses. Nevertheless, he characterized his previous criminal conduct as a "screw up" upon the justification that "everybody makes mistakes." In other testimony, he acknowledged that an open Department of Family and Children Services case existed as to one of his daughters and grandchildren. In that regard, he admitted that one condition thereof barred his daughter from bringing "children" around him.

Given the foregoing, the trial court could reasonably have concluded that Miller failed to present prima facie evidence demonstrating that he no longer posed a substantial risk of reoffending entitling him to release from the registration requirement at issue. Consequently, the trial court did not abuse its discretion in denying Miller's petition, notwithstanding the State's failure to introduce direct evidence in opposition thereto. See *Equitable Life*, supra, 47 Ga. App. at 714; see also OCGA § 24-4-2 ("What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the [trial] court.").

2. Miller's failure to abide by the requirement to register as a sexual offender pursuant to OCGA § 42-1-12 would result in a new crime based in part on his status as a child molester. In this regard, "the statute [is] not retrospective and therefore [is] not an ex post facto law." (Footnote omitted.) *Watson v. State*, 283 Ga. App. 635, 637 (2) (642 SE2d 328) (2007); see also *Smith v. Doe*, 538 U. S. 84 (123 SC 1140, 155 LE2d 164) (2003) (statute requiring retroactive sexual offender registration nonpunitive and thus not an ex post facto law).

Accordingly, should Miller fail to comply, he could face a new charge of failure to register as a sexual offender.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

*Daniel, Hadden & Alford, Ajalon E. Daniel III, Peter T. Alford,* for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, William D. Hocutt, Assistant District Attorneys,* for appellee.