## S08A1159. FRAZIER v. THE STATE.
### (668 SE2d 646)

CARLEY, Justice.

Ronald Jerry Frazier was charged with failure to renew his registration as a sex offender. At a bench trial, the facts were stipulated, including the following: Frazier was convicted of child molestation in 1988, sentenced to 20 years imprisonment, incarcerated beginning on August 18, 1989, and paroled on December 13, 1993. After revocation of his parole, Frazier was again incarcerated on November 20, 1997 and released in October of 2003. He registered as a sex offender upon that release and in October of 2004 and 2005. However, he failed to renew his registration in 2006 or at any time thereafter. The sex offender registration law first became effective on July 1, 1996 and, in pertinent part, requires registration by any individual who "[h]as previously been convicted of a criminal offense against a minor[, as defined in OCGA § 42-1-12 (a) (9),] and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996 . . . ." OCGA § 42-1-12 (e) (3). After hearing the arguments of counsel, the trial court ruled that this portion of the statute is unambiguous and does not violate the state or federal constitutional prohibitions of ex post facto laws. The trial court also found Frazier guilty of the crime charged, entered judgment of conviction, and sentenced him pursuant to OCGA § 42-1-12 (n) (3) to the minimum term of ten years, with one year to be served and credit to be given for time served since his arrest. A motion for new trial was denied, and Frazier appeals.

1. Frazier contends that OCGA § 42-1-12 (e) (3), in conjunction with the criminal penalty provision in subsection (n) (3), violates the state and federal constitutional prohibitions of ex post facto laws.

In *Smith v. Doe*, 538 U. S. 84 (123 SC 1140, 155 LE2d 164) (2003), the Supreme Court of the United States held that a statutory requirement for retroactive registration of sex offenders was nonpunitive and did not itself constitute an ex post facto law. Frazier never argues that the registration requirement alone is unconstitutional, nor does he cite *Smith*, apply its analysis, or attempt to distinguish that case in any way. Instead, he relies on the penalty provision of OCGA § 42-1-12 and utilizes only the analysis set forth in *Thompson v. State*, 278 Ga. 394, 395 (603 SE2d 233) (2004) for determining whether a penal statute is an ex post facto law. Indeed, the fact that a violation of "the registration requirements leads to a harsh penalty

is not pertinent to whether the registration requirements are additional punishment for the previously-committed sex offense. [Cits.]" *State v. White*, 590 SE2d 448, 457 (III) (B) (5) (N.C. App. 2004). See also *Smith v. Doe*, supra at 101-102 (II) (B). Accordingly, we will decide only the issue addressed by Frazier, which is whether the criminal penalty provided by OCGA § 42-1-12 (n) (3) for the failure to register as a sex offender as required by subsection (e) (3) constitutes an ex post facto law.

> To determine whether a penal statute is an ex post facto law, we employ a three-step analysis: First, we ask whether the law applies retrospectively. [Cit.] If it does not, our inquiry is at an end. [Cit.] If it does, we look to see if the law is punitive or regulatory. [Cit.] If it is punitive, the statute is an ex post facto law. [Cit.] If it is regulatory, we examine the statute's effect. [Cit.] If the effect of the statute is punitive, the statute is deemed ex post facto — even if the statute was intended to be regulatory. [Cit.] But, again, if the statute is not retrospective we need not determine whether it is punitive. . . . A penal statute is retrospective if it alters the consequences for crimes committed prior to its enactment. [Cit.]

*Thompson v. State*, supra at 395-396. "In determining whether a statute is being applied in an ex post facto manner, the definitive time period to be considered is the date on which the criminal offense was committed." *Landers v. State*, 250 Ga. 501, 504 (4) (299 SE2d 707) (1983). In *Landers*, this Court held that, with regard to the statute punishing possession of a firearm by a convicted felon, "the applicable date is the date of the offense of possession, not the date of the previous felony conviction." *Ledesma v. State*, 251 Ga. 487, 489 (4) (306 SE2d 629) (1983). Under that statute, the defendant's punishment for the underlying "conviction was not increased; he was convicted of a new offense, one element of which was his earlier felony conviction." *Landers v. State*, supra. This rationale applies to OCGA § 42-1-12 (n) despite Frazier's argument that, unlike the statute in *Thompson*, OCGA § 42-1-12 adds an affirmative burden of registering as a sex offender. *State v. Armbrust*, 59 P3d 1000, 1002 (Kan. 2002).

In *Thompson*, we held that the statute which makes it a felony for a person required to register as a sex offender to reside in certain locations "does not alter the consequences for the offense of child molestation; rather, it creates a new crime based in part on an offender's status as a child molester. [Cit.]" *Thompson v. State*, supra at 396. "The same rationale applies where, as here, [Frazier is] guilty

of a felony entirely distinct from [that] of which he was convicted in [1988] if he failed to register with the sexual offender registry. [Cits.]" *Watson v. State*, 283 Ga. App. 635, 637 (2) (642 SE2d 328) (2007). See also *Smith v. Doe*, supra at 102 (II) (B) (any criminal prosecution for the failure to comply with a registration requirement "is a proceeding separate from the individual's original offense").

> [T]he new statute in this case, OCGA § 42-1-[12 (n)], does not increase the punishment meted out to previously convicted sex offenders. It does not punish sex offenders retrospectively on the basis of their status. It simply declares that convicted sex offenders who *currently* [fail to register] are guilty of a felony. If a convicted offender violates the statute, he can be prosecuted ... for that *current* violation. [Cit.] ... "[He] can only be punished under OCGA § 42-1-[12 (n)] if he prospectively chooses to violate the law by [failing to register]. The fact that [Frazier's] prior conviction subjects [him] to possible punishment under OCGA § 42-1-[12 (n)] does not somehow convert the statute into an unconstitutional ex post facto law as applied to [Frazier]." [Cit.] ... [He] is not being punished again because he is a convicted sex offender. (Emphasis in original.)

*Thompson v. State*, supra at 396-397.

> [Frazier's] failure to abide by the requirement to register as a sexual offender pursuant to OCGA § 42-1-12 [(e) (3)] ... result[ed] in a new crime [under subsection (n)] based in part on his status as a child molester. In this regard, "the statute (is) not retrospective and therefore (is) not an ex post facto law." [Cits.]

*Miller v. State*, 291 Ga. App. 478, 481 (2) (662 SE2d 261) (2008). See also *Thompson v. State*, supra; *Watson v. State*, supra. "In light of our holding, it is not necessary for us to determine whether the statute is punitive in intent or effect. [Cit.]" *Thompson v. State*, supra at 396-397, fn. 4.

2. Frazier further contends that OCGA § 42-1-12 (e) (3) is ambiguous, and thus should be construed in his favor, because it fails to specify whether the release from prison or placement on parole or probation which must occur on or after July 1, 1996 includes only an initial release or placement, or also includes a subsequent or ultimate release after re-incarceration resulting from a parole or probation violation.

"(S)tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation, (cit.), and this principle is particularly compelling when interpreting criminal statutes. (Cit.)" [Cit.]

*State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998). Even construing OCGA § 42-1-12 (e) (3) strictly against the State, the language therein unambiguously requires registration by a sex offender who, like Frazier, is released from prison on or after July 1, 1996, regardless of whether that release is the initial release after imprisonment for the sex offense or a subsequent release following revocation of parole or probation and re-incarceration for that offense. See *State v. Johnson*, supra. "Where statutory language is plain and unequivocal and leads to no absurd or impracticable consequence, the court has no authority to place a different construction upon it. [Cit.]" *State v. Johnson*, supra at 372 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008 —
RECONSIDERATION DENIED NOVEMBER 17, 2008.

*Amanda E. Meloun*, for appellant.
*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

