## A08A1066. SHARMA v. THE STATE.
(670 SE2d 494)

ADAMS, Judge.

Shaun Sharma f/k/a Bhageshermund Sharma appeals from the trial court's order denying his petition for release from the requirement that he register as a sexual offender pursuant to OCGA § 42-1-12.

---

The record shows that in 1999 and 2000, Sharma, a former resident of Texas, was indicted for second degree sexual assault in violation of Tex. Penal Code § 22.011. As to each victim, both of whom were adult women, the indictments charged that Sharma intentionally and knowingly caused the penetration of the female sexual organ of his victim by placing his sexual organ in the female sexual organ of the victim, "without the consent of the [victim], namely [Sharma] was a clergyman who caused the [victim] to submit and participate by exploiting the [victim's] emotional dependency on [Sharma] in [his] professional character as spiritual adviser." These indictments were returned pursuant to Tex. Penal Code § 22.011 (b) (10), which provides that a sexual assault is without consent if "the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergyman in the clergyman's professional character as a spiritual adviser." Sharma was convicted by a jury of the 1999 charge and entered a plea of nolo contendere to the 2000 charge.

Following his convictions, Sharma initially registered as a sex offender in the state of Texas, but was incarcerated in August 2006 after he entered a guilty plea to the charge of failing to register. Sharma subsequently moved to Vermont and registered as a sex offender in that state; Vermont officials notified officials in this state when Sharma later moved to Coffee County, Georgia. Sharma filed his petition to be released from registration after he received notice that he was required to register here. Following a hearing, the trial court denied Sharma's petition, and he timely filed his appeal to this Court.

> We begin by noting that the interpretation of a statute is a question of law, which is reviewed de novo on appeal. [Cit.] Because the trial court's ruling on a legal question is not due any deference, we apply the "plain legal error" standard of review. [Cit.] We also note that OCGA § 42-1-12 is a criminal statute. OCGA § 42-1-12 (h) (failure to comply with registration statute is a felony). Thus, we apply the rule that if the criminal statute is open to more than one reasonable interpretation, it must be construed strictly against criminal liability, and in favor of the individual facing criminal liability. [Cit.]

*Spivey v. State*, 274 Ga. App. 834 (1) (619 SE2d 346) (2005).

The trial court found that Sharma was required to register in Georgia pursuant to OCGA § 42-1-12 (e) (6).[1] That section provides that

> [r]egistration pursuant to this Code section shall be required by any individual who: . . . (6) [i]s a nonresident sexual offender who changes residence from another state or territory of the United States to Georgia who is required to register as a sexual offender under federal law, military law, tribal law, or the laws of another state or territory, regardless of when the conviction occurred.

Sharma argues the trial court erred by finding he was required to register pursuant to that Code section because he is not a "sexual offender" as that term is used in OCGA § 42-1-12.

In pertinent part, a sexual offender is defined in OCGA § 42-1-12 (a) (20) (B) as any individual "[w]ho has been convicted under the laws of another state or territory, under the laws of the United States, under the Uniform Code of Military Justice, or in a tribal court of . . . a dangerous sexual offense." The term "dangerous sexual offense" is defined, in relevant part, in OCGA § 42-1-12 (a) (10) (A) as "any criminal offense under Title 16 as specified in this paragraph or any offense under . . . the laws of another state . . . which consists of the same or similar elements [as those specified in this paragraph]." Although Georgia does not have a law with the same elements as the Texas law under which Sharma was prosecuted, the trial court found that two Georgia crimes enumerated as dangerous sexual offenses in this section — sexual assault against persons in custody, in violation of OCGA § 16-6-5.1, and a second conviction for sexual battery in violation of OCGA § 16-6-22.1 — were similar to the crime for which Sharma was convicted in Texas.

Turning first to OCGA § 16-6-22.1, that section provides: "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." Clearly, proof of lack of consent is an essential element of that crime. The Texas law under which Sharma was prosecuted provides that a sexual assault is without consent of the other person if "the actor is a clergyman who causes the other person to submit or participate by exploiting the other person's emotional dependency on the clergy-

---

[1] OCGA § 42-1-12 had been amended numerous times since its adoption in 1996. The trial court denied the petition in September 2007 and it applied the 2006 version of the statute. The statute was most recently amended in 2008 but those changes are not pertinent to our analysis here.

man in the clergyman's professional character as a spiritual adviser." Tex. Penal Code § 22.011 (b) (10). Thus, this crime does not require proof that the sexual contact was done with actual lack of consent, but instead requires proof that the actor was a clergyman who exploited the victim's emotional dependency in his role of spiritual adviser to gain the victim's submission or participation in the sexual contact. But there is nothing in our law to suggest that the lack of consent of the victim necessary to prove the Georgia crime of sexual battery could be made through proof of the relationship that led to the Texas convictions. We thus cannot agree with the trial court that these crimes consist of the same or similar elements.

However, the trial court also found that Sharma's conduct would be consistent with the sexual assault crime set forth in OCGA § 16-6-5.1 (c) (2). We agree that the Texas sexual assault clergy/parishioner crime and OCGA § 16-6-5.1 do have similar elements. First, both the Texas law and OCGA § 16-6-5.1 are clearly directed at proscribing sexual contact by those individuals who are in supervisory positions or positions of authority or influence, including emotional influence, over their victims. And as to the victim's consent, OCGA § 16-6-5.1 (c) (3) specifically provides that "consent of the victim shall not be a defense to a prosecution under this subsection." Moreover, OCGA § 16-6-5.1, similar to the Texas law, is specifically directed toward certain actors and certain victims, proscribing sexual contact between parole officers and parolees, probation officers and probationers, custodians or supervisors with people in custody, enrolled in a school, or detained in or a patient in a hospital or other institution. Additionally, subsection (c) (2) proscribes sexual contact between actual or purported practitioners of psychotherapy and their known patients or "if the treatment or counseling relationship was used to facilitate sexual contact between the actor and said person," and it is this provision that the trial court found prohibits conduct similar to Sharma's illegal conduct in Texas. Again, however, we cannot agree with this finding. OCGA § 16-6-5.1 (c) (2) is specifically directed toward a specific relationship — psychotherapists and their patients — and nothing in that subsection or the other provisions of OCGA § 16-6-5.1 makes it a crime for a member of the clergy to exploit a parishioner's emotional dependency in order to have him or her submit or participate in sexual contact. Clearly an attempt to prosecute such conduct as an offense under OCGA § 16-6-5.1 (c) (2) or the other provisions of OCGA § 16-6-5.1 would fail.

Based on the foregoing, we find that the trial court erred by finding that Sharma has been convicted of committing a dangerous sexual offense as that term is defined in OCGA § 42-1-12 (a) (10) (A). Consequently, he does not meet the definition of a "sexual offender"

and was not required to register under Georgia's Sexual Offender Registry law. We therefore reverse the denial of Sharma's petition for release from the registration requirements of OCGA § 42-1-12. Any change to OCGA § 42-1-12, § 16-6-22.1 or § 16-6-5.1 that would allow us to reach a different result must await action by the legislature.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

## DECIDED NOVEMBER 24, 2008.

*George F. McCranie IV*, for appellant.

*Thurbert E. Baker, Attorney General, Richard E. Currie, Assistant Attorney General*, for appellee.