## A09A0689. IN RE BAUCOM.
### (678 SE2d 118)

MILLER, Chief Judge.

Robert V. Baucom filed a petition pursuant to OCGA § 42-1-12 (g) (1) for relief from the requirement that he register as a sex offender. Following a hearing, the trial court issued an order denying the petition, and Baucom now appeals, arguing that the trial court (1) abused its discretion and (2) erred by failing to include written findings of fact and conclusions of law in its order. Discerning no error, we affirm.

In reviewing the denial of a petition under OCGA § 42-1-12 (g) (1), this Court "applies the 'clearly erroneous' standard to its review of the trial court's findings of fact." (Citation and punctuation omitted.) *Miller v. State*, 291 Ga. App. 478, 479 (662 SE2d 261) (2008). "[T]he interpretation of a statute[, however,] is a question of law, which is reviewed de novo on appeal." (Citation omitted.) *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008).

Baucom's petition alleged that he is subject to the registration requirements in OCGA § 42-1-12 because he was previously convicted under the laws of Tennessee of a criminal offense against a victim who was a minor, but the petition did not specify what that offense was. According to the petition, more than ten years had elapsed since Baucom was released from probation, and, from the time he was placed on probation, Baucom had not been "arrested, accused or convicted" of any further offenses under any state or federal law.

During the hearing on Baucom's petition, his counsel advised the trial court that Baucom had been placed on probation in Tennessee in 1989, had successfully completed that probation, and after being placed on probation had "no further brushes with the law." Baucom's counsel also asserted that the petition was supported by a Comprehensive Psychiatric Sexual Child Abuse Addictionology and Pain Review by Dr. Todd Estroff. According to Baucom's counsel, Dr. Estroff concluded that he "seriously doubt[ed] that Baucom would ever constitute a risk of any sort of offense of this nature to anyone." Dr. Estroff's report, however, is not included in the record on appeal.

When Baucom's counsel tendered Baucom's Tennessee sentence, the trial court observed that the document did not provide any information about the allegations against Baucom.[1] Baucom's counsel did not explain those allegations, stating only that he believed Baucom had been convicted under Tennessee law of using a minor

---

[1] Baucom's Tennessee sentence is also absent from the appellate record.

for obscene purposes. Although Baucom then testified at the hearing, he provided no further information about the facts underlying his Tennessee conviction.

An assistant district attorney from the Gwinnett County District Attorney's Office appeared at the hearing and opposed Baucom's petition, citing the State's lack of information about Baucom's prior offense. The limited information the State was able to gather indicated that Baucom was originally indicted in Tennessee for aggravated rape but later pled guilty to the lesser included offense of use of a minor for obscene purposes.

1. Baucom contends that the trial court abused its discretion in denying his petition. We disagree.

Baucom filed his petition pursuant to OCGA § 42-1-12 (g) (1), which provides:

> Any sexual offender required to register under this Code section who meets the criteria set forth in paragraph (2) of this subsection may petition the superior court of the jurisdiction in which the sexual offender is registered to be released from the registration requirements of this Code section. The court may issue an order releasing the sexual offender from further registration if the court finds that the sexual offender does not pose a substantial risk of perpetrating any future dangerous sexual offense.

OCGA § 42-1-12 (g) (2), in turn, states: "In order to petition the court pursuant to paragraph (1) of this subsection, the sexual offender shall: (A) Have been sentenced pursuant to subsection (c) of Code Section 17-10-6.2;[2] and (B) Have had ten years elapse since his or her release from prison, parole, supervised release, or probation."

Baucom argues that his petition should have been granted because he presented prima facie evidence that he did not pose a substantial risk of perpetrating a future dangerous sexual offense and the State failed to rebut that evidence. Baucom asserts that he presented "what in likelihood is the highest and best evidence," the report of a licensed psychiatrist, Dr. Estroff, that "he essentially posed no threat whatsoever of reoffending." Dr. Estroff's report, while apparently tendered at the hearing on Baucom's petition, is not included in the record on appeal, leaving us unable to evaluate the strength and credibility of Dr. Estroff's conclusions. "The burden

---

[2] The State does not argue that Baucom was ineligible to petition the trial court under OCGA § 42-1-12 (g) (1) by virtue of the fact that he was sentenced under Tennessee law and not under OCGA § 17-10-6.2 (c), and given our disposition above in Division 1, we need not reach the validity of such an argument here.

is on [Baucom] to show error affirmatively from the record, and we will not presume error where the record is silent." (Footnote omitted.) *Smart v. State*, 253 Ga. App. 649, 653 (5) (560 SE2d 92) (2002). Without access to Dr. Estroff's report, we have no basis for determining that the trial court failed to give it appropriate weight.

Also absent from the record in this case is any evidence or information regarding the conduct underlying Baucom's Tennessee conviction. While, in considering a petition under OCGA § 42-1-12 (g) (1), a superior court's inquiry is prospective, focusing on the potential risk that the petitioner will commit a dangerous sexual offense in the future, the facts surrounding the petitioner's original offense would be relevant to assessing that risk. When he took the stand, Baucom could have offered some explanation regarding his prior offense, but he chose not to do so.

Given the omission of Dr. Estroff's report from the appellate record and the dearth of evidence regarding the facts underlying Baucom's Tennessee conviction, we conclude that the trial court was authorized to find that Baucom failed to present prima facie evidence of entitlement to relief under OCGA § 42-1-12 (g) (1). See OCGA § 24-4-2 ("What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the [trial] court."). As such, the trial court did not abuse its discretion in denying Baucom's petition. See *Miller*, supra, 291 Ga. App. at 481 (1) (b) (trial court did not abuse discretion in denying petition under OCGA § 42-1-12 (g) (1), given petitioner's failure to discharge his prima facie burden of showing that he did not pose a substantial risk of committing a future dangerous sexual offense).

2. Baucom argues that the trial court erred by failing to set out written findings of fact and conclusions of law in its order denying his petition. We disagree.

"When construing a statute this court must look to the plain meaning of words and if there is only one reasonable construction, the statute must be construed in that manner." (Citation omitted.) *Davis v. State*, 213 Ga. App. 212, 213 (2) (444 SE2d 142) (1994). By its plain terms, OCGA § 42-1-12 (g) (1) specifies the criterion the superior court must consider in determining whether to grant a petition for relief from the statute's registration requirements, namely, the risk that the petitioner will reoffend, but it does not state that the superior court's order granting or denying a petition must include written findings of fact or conclusions of law. Compare OCGA § 17-10-6.2 (c) (2) (if the court deviates from the mandatory minimum sentence in subsection (b), "the judge shall issue a written order setting forth the judge's reasons"); OCGA § 9-14-49 (superior court judge hearing habeas corpus case "shall make written findings of fact and conclusions of law upon which the judgment is based").

We have no authority to read such a requirement into the statute. *Resourcing Svcs. Atlanta v. Ga. Dept. of Revenue*, 288 Ga. App. 532, 535 (654 SE2d 649) (2007) ("Courts interpret the laws, but cannot change them.") (citation omitted).

For the reasons set forth above, we affirm the trial court's order denying Baucom's petition for relief from the registration requirements of OCGA § 42-1-12.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 30, 2009.

Douglas R. Daum, for appellant.

Daniel J. Porter, District Attorney, Sabrina Nizamuddin, Assistant District Attorney, for appellee.