# Court of Appeals
# of the State of Georgia

ATLANTA,    June 30, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1417.  PATRICK TIMOTHY WYATT v. THE STATE.**

In 1994, Patrick Timothy Wyatt was found guilty of a sex offense.  In 2008, he was convicted of failing to register as a sex offender.  In 2014, Wyatt filed a motion to correct void sentence, arguing that a requirement that he register as a sexual offender violates the ex post facto clause.  After the trial court denied Wyatt's motion, he filed this direct appeal.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Contrary to Wyatt's contention, the law requiring convicted sex offenders to register is not an ex post facto law.  See *Watson v. State*, 283 Ga. App. 635 (642 SE2d 328) (2007).  Under these circumstances, Wyatt has not raised a colorable void

sentence claim, and his appeal is therefore DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/30/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] To the extent Wyatt's motion may also be construed as one alleging a void conviction, we note that an appeal from an order denying or dismissing such a challenge is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010); *Harper*, supra at 218.