# Court of Appeals
# of the State of Georgia

ATLANTA,____July 14, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0466.  RAYMOND YELVERTON v. STATE OF GEORGIA.**

Raymond Yelverton seeks discretionary review of the superior court's order denying his petition for removal from the sex offender registry under OCGA § 42-1-19. Among other arguments raised below, Yelverton challenged the interplay between OCGA § 17-10-6.2 (c) (1) (C) and OCGA § 42-1-19 (a) (4) on ex post facto grounds.[1] The superior court rejected Yelverton's constitutional challenge, and this application for discretionary review followed. In his application, Yelverton again raises an ex post facto claim.

The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II). Although we have jurisdiction to apply unquestioned and unambiguous constitutional provisions, we can resolve a constitutional challenge to a state law only "if the law has been held to be constitutional against the same attack being made." *City of Decatur v. DeKalb County*, 284 Ga. 434, 436-437 (2) (668 SE2d 247) (2008).

_____

[1] Both statutes were enacted after Yelverton was convicted in 1990. See Ga. L. 2010, p. 168, § 15 (OCGA § 42-1-19); Ga. L. 2006, p. 379, § 21 (OCGA § 17-10-6.2).

It does not appear that the particular constitutional attack raised by Yelverton has been addressed or considered by the appellate courts.[2] The Supreme Court, therefore, has jurisdiction over this matter, and Yelverton's application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  07/14/2015
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

     *Stephen E. Castlen*
              , *Clerk.*

---

[2] The Supreme Court has addressed the constitutionality of Georgia's sexual offender registration provisions in several contexts, including whether the criminal penalty for not registering under OCGA § 42-1-12 is an improper ex post facto law. See *Frazier v. State*, 284 Ga. 638, 638-640 (1) (668 SE2d 646) (2008). The Court has not, however, addressed the ex post facto challenge at issue here or the constitutionality of OCGA § 17-10-6.2 (c) (1) (C), as applied through OCGA § 42-1-19 (a) (4) to a petitioner seeking removal from the sex offender registry.