**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 27, 2018**

# In the Court of Appeals of Georgia

A18A1266. STRICKLAND v. THE STATE.

RAY, Judge.

In 2017, Lamar Lewis Strickland petitioned for release from the requirement that he be registered as a sex offender as a result of a 1992 conviction for aggravated child molestation. In opposing the petition, the State argued, inter alia, that Strickland failed to meet one of the statutory requirements of eligibility for release, specifically, that "[t]he victim did not suffer any intentional physical harm during the commission of the offense[.]" OCGA § 17-10-6.2 (c) (1) (D); OCGA § 42-1-19 (a) (4). The trial court denied the petition based on the finding that Strickland had pled guilty to committing an act of aggravated child molestation which specifically involved physical injury to the victim. Strickland sought discretionary review of the trial court's ruling, seeking a determination as to whether the phrase "intentional physical

harm" as used in OCGA § 17-10-6.2 (c) (1) (D) means a specific intent to cause physical harm as opposed to an intent to commit the act that causes the physical harm. We granted Strickland's application for discretionary appeal to address this issue and, for the reasons that follow, we affirm the ruling of the trial court.

A trial court's decision whether to grant or deny a petition for release from the sex offender registration requirements is reviewed on appeal for an abuse of discretion. See *Miller v. State*, 291 Ga. App. 478, 479 (1) (662 SE2d 261) (2008). However, the interpretation of a statute is a question of law, which we review de novo. *Mays v. State*, 345 Ga. App. 562, 563 (814 SE2d 418) (2018).

The record indicates that on September 18, 1992, Strickland entered a guilty plea to a charge of aggravated child molestation . The relevant portion of this charge provided that on or about June 15 or June 16, 1992, Strickland performed "an immoral and indecent act, to wit: placed his finger inside the rectum of [A. M.], a child under the age of 14 years, with the intent to satisfy the sexual desires of the accused, *and which resulted in physical injury to said child*." (Emphasis supplied.)
.

In order to be released from the requirement that he be registered as a sex offender, Strickland must show that he has completed all aspects of the sentence

imposed for the offense which required registration, OCGA § 42-1-19 (a) (4), and that he meets all six of the criteria set out in OCGA § 17-10-6.2 (c) (1) (A) through (F). Among these criteria is that "[t]he victim did not suffer any intentional physical harm during the commission of the offense." OCGA § 17-10-6.2 (c) (1) (D).[1] In denying Strickland's petition, the trial court concluded that Strickland did not satisfy this specific requirement because he was convicted for an act of aggravated child molestation which involved physical injury to the victim. This discretionary appeal ensued.

In his sole enumeration of error, Strickland contends that the trial court misconstrued the provisions of OCGA § 17-10-6.2 (c) (1) (D) in denying his petition. Relying primarily on *State v. Randle*, 331 Ga. App. 1 (769 SE2d 724) (2015) (physical precedent only) (hereainafter "*Randle I*"), Strickland argues that under OCGA § 17-10-6.2 (c) (1) (D) the phrase "intentional physical harm" means an actual

---

[1] We note that OCGA § 42-1-19 (a) provides four alternative grounds authorizing release from registration as a sex offender. The criteria addressed in this opinion and set forth in OCGA § 17-10-6.2 (c) (1) (D) – that the victim did not suffer any intentional physical harm – applies only to the two grounds for release set forth in subparagraphs (2) and (4) of OCGA § 42-1-19 (a), and it does not apply to the grounds for release set forth in subparagraphs (1) and (3) of that code section.

intent to cause the physical harm, rather than the intent to commit the act that causes the physical harm. However, Strickland's reliance on *Randle I* is misplaced.

In *Randle I*, the petitioner had been previously convicted on one count of child molestation for placing his hands on the genitals of the victim. After serving his sentence, the trial court granted his petition for release from the sex offender registration requirements. The State appealed, contending that because the petitioner's underlying sexual offense involved physical contact with the genitals of the victim, it created a *presumption* that the victim suffered "intentional physical harm" which precluded him from being released from the registration requirements. *Randle I*, supra at 1-2. We disagreed, holding that the term "intentional physical harm" as used in OCGA § 17-10-6.2 (c) (1) (D) refers to conduct by the defendant which results in the infliction of physical pain or injury upon the victim. Id. at 8 (1). In so holding, we concluded that the State's evidence that the petitioner's underlying sexual offense merely involved offensive or unwanted touching of the victim did not, standing alone, create a presumption of "intentional physical harm" under OCGA § 17-10-6.2 (c) (1) (D). Id.

In *State v. Randle*, 298 Ga. 375 (781 SE2d 781) (2016) (hereinafter "*Randle II*"), our Supreme Court granted certiorari to resolve the issue raised in *Randle I* as

to whether the phrase "intentional physical harm" encompasses all intentional physical contact or only that which is shown to have caused some physical pain or injury. *Randle II*, supra at 376. Our Supreme Court affirmed our decision in *Randle I*, holding that the phrase "intentional physical harm," as used in OCGA § 17-10-6.2 (c) (1) (D), means "intentional physical contact that causes *actual* physical damage, injury, or hurt to the victim." (Emphasis supplied.) Id. at 378.

Following the interpretation of OCGA § 17-10-6.2 (c) (1) (D) set forth by our Supreme Court in *Randle II*, we conclude that the phrase "intentional physical harm" as used in the statute means a specific intent to commit the act that causes the physical damage, injury, or hurt to the victim. As the record shows that Strickland was convicted for an intentional act of aggravated child molestation which resulted in physical injury to the victim, the trial court did not err in denying his request to be released from the sex offender registration requirements.

*Judgment affirmed. McFadden, P. J., and Rickman, J., concur*.