# Court of Appeals
# of the State of Georgia

ATLANTA,  January 08, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0832.  WAYNE ANTHONY CRIBBS v. THE STATE.**

In 1991, a jury found Wayne Cribbs guilty of kidnapping with bodily injury, rape, and two firearm offenses, and the trial court imposed a total sentence of life plus five years in prison. We affirmed his convictions and sentences on direct appeal. See *Cribbs v. State*, 204 Ga. App. 109 (418 SE2d 405) (1992). Cribbs asserts that he was paroled in 2013, although it appears that he currently is incarcerated for reasons that are not immediately apparent on the current record.

In November 2014, Cribbs filed a motion to modify his sentence. He argued that one of the conditions of his parole – that he register as a sex offender – violates the constitutional prohibitions on ex post facto laws because he was sentenced several years before the effective date of the sexual offender registry statute. The trial court denied Cribbs's motion, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

The statute requiring Cribbs to register as a sex offender explicitly applies to persons, such as Cribbs, who "previously [have] been convicted of a . . . dangerous sexual offense," including rape, "and may be released from prison or placed on parole, supervised release, or probation on or after July 1, 1996." See OCGA § 42-1-12 (a) (10) (A) (ii), (b), (e) (4). Contrary to Cribbs's contention, the law requiring him to register as a sex offender is not an ex post facto law. See *Miller v. State*, 291 Ga. App. 478, 481 (2) (662 SE2d 261) (2008); *Watson v. State*, 283 Ga. App. 635, 637 (2) (642 SE2d 328) (2007). Consequently – and pretermitting whether a challenge to the conditions of one's parole is a challenge to one's sentence – Cribbs has not raised a colorable void-sentence claim. For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* _01/08/2019_
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*